No. 82-132

IN THE SUPREME COURT OF THE STATE OF MONTANA

1982

STATE OF MONTANA,

Plaintiff and Respondent,

vs.

HERBERT RICHARD LOZEAU,

Defendant and Appellant.

Appeal from: District Court of the Fourth Judicial District,
In and for the County of Lake
Honorable James B. Wheelis, Judge presiding.

Counsel of Record:

For Appellant:

K. M. Bridenstine, Polson, Montana

For Respondent:

Hon. Mike Greely, Attorney General, Helena, Montana
Richard P. Heinz, County Attorney, Polson, Montana

Submitted on briefs: August 26, 1982

Decided: September 9, 1982

Filed: SEP 9 1982

Thomas J. Kearney

—————————————————————
Clerk

Mr. Chief Justice Frank I. Haswell delivered the Opinion of the Court.

Defendant was charged and convicted of the crime of aggravated assault following a jury trial, and judgment was entered thereon. Following denial of defendant's motion for a new trial, defendant appeals. We affirm.

Although defendant phrases the issues on appeal in three parts, the basic issue presented is the sufficiency of the evidence to support the conviction--more specifically, the sufficiency of the evidence to support a finding that the defendant was the assaulter.

Defendant Herbert Richard Lozeau was drinking at a tavern in Ronan, Montana, on the evening of June 5, 1980. Several regular customers of the bar were there that evening: Donna "Chicken" Houle, Linda Stewart, Ignace Couture, George Mitchell, John Saloway, Jeff Dance, Dennis Webster, Vonnie Webster, Gerald Cooper, and defendant Rick Lozeau. Defendant and Donna Houle, although unmarried, are the parents of a daughter.

During the course of the evening, Gerald Cooper, the assault victim, became intoxicated. Cooper took Donna Houle out the back door of the bar into the alley attempting to get her to go out with him, but she refused and they both reentered the bar. At that time, the victim, Cooper, assaulted the two women, Donna Houle and Linda Stewart. Donna lost consciousness and fell to the floor, and Linda bent down on the floor attending to her.

Immediately after Cooper struck the women, Ignace Couture grabbed Cooper's shoulder and took him out the front door of the bar. Saloway and the bartender followed them. The bartender watched while Saloway and Cooper argued.

Couture stood in front of Cooper the whole time with his hands on Cooper's shoulders.

Just before the stabbing, the bartender, Steve Moon, saw the defendant approaching the group outside. He thought the defendant was upset that his girlfriend had been struck in the bar so he told him to take it easy. The bartender also testified he thought he saw the defendant go in between John Saloway and Gerald Cooper who were standing there arguing. He thought the defendant was going to hit Cooper and then saw the defendant's arm move toward Cooper's stomach.

John Saloway also testified that he saw a hand come in just before Cooper grabbed his stomach saying, "I've been stabbed." The victim, Cooper, testified that he experienced a sharp pain while Couture was holding his shoulders and talking to him in front of the bar.

Saloway and the bartender saw the defendant go back into the bar. George Mitchell, who had remained inside, said that after Rick went out the front door to where the group had gathered, the next thing he remembered was somebody charging in saying Cooper got stabbed.

After Cooper was stabbed, Couture took him to the hospital. The bartender closed the bar. Defendant walked home seven or eight blocks and passed out.

Cooper, the victim, testified that he was pretty intoxicated during the events of that evening and did not remember anything that happened inside the bar with respect to Donna Houle or Linda Stewart, nor did he remember arguing with John Saloway outside on the sidewalk. He did remember experiencing a sharp pain in his side while Couture was holding his shoulders and talking to him.

No eyewitness testified that defendant stabbed Cooper. The weapon was never found.

Based on facts gathered during the police investigation, defendant was charged with the offense of aggravated assault. He pled not guilty. Following trial, the jury returned a verdict of guilty of aggravated assault. Defendant was sentenced to eight years imprisonment with six years suspended and credited with time served prior to conviction.

Defendant moved for a new trial which was denied on the ground that reasonable men might conclude the State proved the allegations of the information beyond a reasonable doubt. This appeal followed.

We hold that the evidence is sufficient to support the conviction. A conviction cannot be overturned when the evidence, viewed in the light most favorable to the prosecution, would allow any rational trier of fact to find the essential elements of the crime beyond a reasonable doubt. State v. Doney (1981), ____ Mont. ____, 636 P.2d 1377, 1383, 38 St.Rep. 1707, 1713, and cases therein cited. The State is aided by a strong presumption in favor of the correctness of the judgment. State v. Shurtliff (1981), ____ Mont. ____, 635 P.2d 1294, 1296, 38 St.Rep. 1798, 1800. On appeal we view all the evidence in the light most favorable to the State to determine whether it constitutes "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion" of guilt. State v. Wilson (1981), ____ Mont. ____, 631 P.2d 1273, 1278, 38 St.Rep. 1040, 1047.

In this case the State was required to prove beyond a

reasonable doubt that the defendant purposely or knowingly caused serious bodily injury to Gerald Cooper or negligently caused bodily injury with a weapon. Section 45-5-202(1)(a) and (b), MCA. The element of "purposely and knowingly" was established through testimony regarding the voluntary motion of defendant's arm to the victim's abdomen and supported by evidence of motive in testimony furnished by the defendant's drinking buddies and his girlfriend, Donna Houle, about Cooper striking Donna unconscious just minutes before being stabbed. The element of "serious bodily injury" was supplied by Dr. McDonald's testimony as to the gravity of Cooper's wound and that the wound was caused by a knife with a blade at least one and one-half inches long.

Since there were no eyewitnesses who actually saw defendant stab Cooper in the abdomen and the weapon was never found, circumstantial evidence was presented to establish that defendant stabbed Cooper. Witnesses Steve Moon, George Mitchell, John Saloway and Ignace Couture testified that the defendant was at the scene of the assault in front of the bar. Steve Moon, the bartender, saw the defendant's arm move toward Cooper's abdomen. John Saloway saw a hand come in quickly just before the victim grabbed his stomach saying he had been stabbed. George Mitchell said that shortly after defendant left the bar someone ran back into the bar saying Cooper had been stabbed. Dr. McDonald testified as to the seriousness of Cooper's injury and gave his expert medical opinion that the wound was caused by a knife.

From this testimony, considered collectively, the jury concluded that defendant stabbed Cooper with a knife. Sec-

tion 26-1-501, MCA, permits the jury to make such inferences based on the facts proved. "The jury is not bound to blindly accept defendant's version of the facts. It is free to pick and choose the evidence it wishes to believe." State v. Sorenson (1980), ____ Mont. ____, 619 P.2d 1185, 1194, 37 St.Rep. 1834, 1845.

Defendant's contention that his conviction was based on speculation, conjecture or probability because no witness testified that he saw him stab Cooper is without merit. As we stated in State v. Shurtliff (1981), ___ Mont. ____, 635 P.2d 1294, 1297, 38 St.Rep. 1798, 1801, a case involving the assault of a prison guard with a dart in the back where no one saw the defendant throw the dart but motive and opportunity were established and his fingerprint was found on the dart, we said:

> "Defendant's contention that an eyewitness is necessary to uphold a conviction is without merit. Indeed, the criminal justice system would be hard pressed to have an eyewitness present at the scene of every crime."

Defendant also argues that the circumstances of the case demonstrate a number of credible theories other than the guilt of the defendant. He states that the circumstantial evidence applies with equal force against Couture, Saloway, Moon, Houle and Stewart. This is not correct. The evidence shows the motion of defendant's arm to the victim's abdomen and shows motive insofar as defendant is concerned, all of which is not true as to these other individuals.

The issue of the sufficiency of the evidence boils down to the credibility of the State's circumstantial evidence versus the defendant's testimony. The jury by its verdict resolved this conflict in favor of the State. See,

-6-

State v. Johnson (1982), ___ Mont. ___, 641 P.2d 462, 466, 39 St.Rep. 419, 423, quoting State v. Cors (1964), 144 Mont. 323, 396 P.2d 86. The jury's conclusion that defendant held a knife in his hand when he moved toward Cooper is a rational finding of fact, based on the direct evidence that defendant approached Cooper extending his arm quickly toward Cooper's abdomen; Cooper said, "I've been stabbed"; that defendant immediately turned and left the scene of the assault; and that Cooper's bodily injury was a serious, penetrating knife wound in the abdomen. When all the facts and circumstances are examined collectively, there is substantial evidence, viewed in the light most favorable to the State, proving defendant guilty of aggravated assault.

Defendant's arguments that his motion for dismissal or acquittal at the close of the State's case and that the trial court should have granted his motion for a new trial or for judgment notwithstanding the verdict are answered by the foregoing discussion and our finding of sufficient evidence to support the conviction.

Affirmed.

_____
Chief Justice

We concur:

_____

_____

_____

_____
Justices

-7-