No. 90-546

IN THE SUPREME COURT OF THE STATE OF MONTANA

1992

STATE OF MONTANA,

　　　　Plaintiff and Respondent,

　　-vs-

DANIEL W. MASON,

　　　　Defendant and Appellant.

APPEAL FROM:　　District Court of the Fourth Judicial District,
　　　　　　　　In and for the County of Missoula,
　　　　　　　　The Honorable Jack L. Green, Judge presiding.

COUNSEL OF RECORD:

　　　　For Appellant:

　　　　Daniel W. Mason, Pro Se, Deer Lodge, Montana

　　　　For Respondent:

　　　　Hon. Marc Racicot, Attorney General, Helena, Montana
　　　　Cregg W. Coughlin, Assistant Attorney General,
　　　　Helena, Montana;　Robert Deschamps, III, County
　　　　Attorney, Missoula, Montana; Betty Wing, Deputy
　　　　County Attorney, Missoula, Montana

Submitted on Briefs:　February 13, 1992

Decided:　June 11, 1992

Filed:

Clerk

Justice William E. Hunt, Jr., delivered the opinion of the Court.

Appellant Daniel W. Mason, appearing pro se, appeals his conviction of felony sexual assault in the Fourth Judicial District Court, Missoula County. Specifically, he alleges that his plea of guilty was made under duress and coercion and that he suffered from ineffective assistance of counsel.

We affirm.

Appellant raises several issues for our consideration. However, we will phrase the issues as follows:

1. Was appellant denied effective assistance of counsel?

2. Was appellant coerced into pleading guilty?

3. Was appellant subjected to double jeopardy when the District Court amended its oral sentence of 20 years in prison to include completion of the sexual offender and alcohol treatment programs at Montana State Prison?

4. Was appellant denied due process when he was not permitted access to the county law library while awaiting trial?

5. Did the District Court properly consider the victim's age when sentencing appellant?

6. Was appellant denied his right to appellate counsel under the Sixth Amendment?

On March 28, 1990, appellant was charged by information with one count of sexual assault in violation of § 45-5-502, MCA. At his arraignment hearing, appellant pled not guilty to the charge. On April 12, 1990, the District Court set jury trial for April 23,

1990. On the same day, the State filed a notice of intent to introduce evidence of other acts to which defense counsel originally objected, and then later withdrew the objection.

During the pretrial period, defense counsel discussed possible plea agreements with the prosecuting attorney. On April 21, 1990, appellant signed a plea agreement with the State. On April 23, 1990, defense counsel advised the District Court that appellant wished to change his plea of not guilty to guilty. The court determined the plea was voluntary and informed and explained to appellant that the plea agreement was not binding upon the court. The guilty plea was entered and sentencing postponed until the court had an opportunity to examine the presentence investigative report.

On May 24, 1990, appellant appeared before the court and was sentenced to 20 years in jail with no portion of the sentence suspended, and designated a nondangerous offender for purposes of parole eligibility. Later in the day, appellant was brought back before the District Court and the court amended the sentence to require appellant to enroll in and complete the sexual offender intensive treatment and alcohol intensive treatment programs at the Montana State Prison.

On May 29, 1990, appellant, acting pro se, filed with the District Court a Motion for Appeal of Sentence and Court Appointed Counsel. The District Court considered the matter as a request for sentence review. However, this Court advised the District Court

that the pleading was a notice of appeal. The court appointed counsel to represent appellant. On July 15, 1990, appellant's counsel filed a request to withdraw, claiming there were no meritorious issues for appeal, along with a brief in accordance with Anders v. California (1967), 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493. On September 10, 1991, this Court granted counsel's leave to withdraw. On November 22, 1991, acting pro se, appellant filed his brief for this Court to consider.

## I.

Was appellant denied effective assistance of counsel?

This Court has adopted the two-pronged test established by the United States Supreme Court for determining whether a counsel's performance was deficient when representing a criminal defendant. Strickland v. Washington (1984), 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674. Under this test, the defendant must:

> [F]irst demonstrate that counsel's performance was deficient. To demonstrate that a counsel's performance was deficient, defendant must prove that counsel's performance fell below the range of competence reasonably demanded of attorneys in light of the Sixth Amendment. Second, the defendant must demonstrate that the counsel's deficiency was so prejudicial that the defendant was denied a fair trial. To satisfy this requirement, the defendant must demonstrate that but for counsel's deficient performance, it is reasonably probable that the result of the challenged proceeding would have been different.

State v. Senn (1990), 244 Mont. 56, 59, 795 P.2d 973, 975.

The second prong or "prejudice" requirement focuses on whether counsel's ineffective assistance affected the outcome of the plea process. Hill v. Lockhart (1985), 474 U.S. 52, 59, 106 S. Ct. 366,

4

370, 88 L. Ed. 2d 203, 210. When a guilty plea is at issue, rather than the result of a trial, the defendant must prove that "but for counsel's deficient performance, the defendant would not have pled guilty, and would have insisted on going to trial." Senn, 795 P.2d at 975.

Most of appellant's assertions contain matters outside of the record. This Court's review of allegations on direct appeal is limited to what is contained in the record, and therefore, we will limit our inquiry only to those matters contained in the record. Section 46-20-701, MCA.

Appellant alleges that he was denied effective assistance of counsel because his attorney: (a) improperly withdrew objection to the State's intent to use prior acts; (b) failed to object to the post-omnibus hearing endorsement of witnesses; (c) failed to seek a continuance of the trial date; (d) failed to inform the court of errors in the presentence investigation report; and (e) failed to advise him of the right to appeal.

Appellant fails to allege how any of these arguments affect the voluntariness of his plea. Since the case did not go to trial, the withdrawal of objection to prior acts and the lack of objection of witnesses who never testified had no affect on the outcome of defendant's guilty plea.

Defendant's complaint that he was not given adequate time to decide whether he wanted to go to trial, or accept the plea bargain agreement, may have worked a hardship on the defendant, but

counsel's failure to seek additional time does not demonstrate ineffective assistance of counsel.

With regard to the remaining issues, there is nothing contained in the record which substantiates appellant's claim that his defense counsel's performance was deficient and that but for his counsel's deficient performance, defendant would not have pled guilty. We hold appellant was not denied effective assistance of counsel.

## II.

Was appellant coerced into pleading guilty?

This Court considers three factors to determine whether a defendant's guilty plea should be withdrawn:

> 1. The adequacy of the District Court's interrogation as to the defendant's understanding of the plea;

> 2. The promptness of the motion to withdraw the prior plea;

> 3. The fact that the defendant's plea was apparently the result of a plea bargain in which the guilty plea was given in exchange for dismissal of another charge.

State v. Miller (1991), 248 Mont. 194, 196-97, 810 P.2d 308, 309.

The record reflects that the District Court read appellant his rights and asked him if he understood that those rights would be waived by a plea of guilty. Appellant indicted that it was his desire to plead guilty. The court set out the charges against appellant and explained that it was not required to follow the plea agreement. Appellant indicted that he understood the effect of his

6

guilty plea. Appellant stated in court that he was not coerced, threatened, or promised leniency in exchange for entering the guilty plea. He also indicted to the court that he was not under the influence of drugs or alcohol. In addition, he never filed a motion to withdraw his guilty plea at the District Court level, but instead, waited until after sentencing to raise the issue on appeal. We hold that appellant entered into the plea agreement voluntarily and with full understanding of the charge and its consequences.

## III.

Was appellant subjected to double jeopardy when the District Court amended its oral sentence of 20 years in prison to include the completion of the sexual offender and alcohol treatment programs at Montana State Prison?

On the morning of May 24, 1990, the District Court orally pronounced judgment upon defendant. The court originally sentenced appellant to 20 years in prison with no time suspended. The court also designated appellant as a nondangerous offender. Later in the afternoon of the same day, the District Court amended its oral sentence to require as a condition of parole that appellant complete the sexual offender and alcohol treatment programs at the Montana State Prison. Appellant contends this additional sentence placed him in double jeopardy. We disagree.

In State v. Enfinger (1986), 222 Mont. 438, 722 P.2d 1170, this Court adopted the Diaz rule which states:

7

"It is well established that an oral ruling by the trial court is not a final judgment, and that the trial court can change such ruling at any time before the entry of written judgment."

Enfinger, 722 P.2d at 1174 (quoting State v. Diaz (N.M. 1983), 673 P.2d 501, 502). The oral sentence pronounced by the District Court was not a final or valid judgment. We hold that appellant was not placed in double jeopardy because the original oral judgment was not final.

IV.

Was appellant denied due process when he was not permitted access to the county law library while awaiting trial?

Appellant contends that he was denied access to the county law library which he needed for the preparation of his case. In Bounds v. Smith (1977), 430 U.S. 817, 97 S. Ct. 1491, 52 L. Ed. 2d 72, the United States Supreme Court noted that one way to assure an indigent's right to meaningful access to the courts was for the state to provide an adequate law library or adequate legal assistance from trained individuals. The Court held that:

[T]he fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law.

Bounds, 430 U.S. at 828. Previously, we have held that the state is only required to "provide inmates with adequate legal libraries or some other reasonable alternative." State v. Lance (1986), 222 Mont. 92, 106, 721 P.2d 1258, 1268. In this instance, appellant was incarcerated while he awaited trial and was provided with

8

court-appointed counsel who was in frequent contact with appellant. Appellant has not demonstrated any reason why he would need access to a law library while awaiting trial when he was already receiving legal assistance from his court-appointed counsel. We hold that without a showing of need, due process does not require an accused individual who is awaiting trial and is represented by counsel also have access to a law library.

## V.

Did the District Court properly consider the victim's age when sentencing appellant?

Appellant contends that the District Court improperly considered the victim's age when sentencing appellant to 20 years in prison. Section 45-5-502, MCA, provides that when a person is convicted of felony sexual assault and the victim is less than 16 years of age and the offender is three years older than the victim, the district court may sentence the offender to a statutory maximum of 20 years in prison. We hold that because the victim was only seven years old, the District Court properly considered the victim's age and did not abuse its discretion in sentencing appellant to 20 years in prison.

## VI.

Was appellant denied his right to appellate counsel under the Sixth Amendment?

While it is correct that appellant has the right to an attorney on his first appeal, the United States Supreme Court has

established a procedure for when an attorney believes an appeal lacks meritorious issues.

> [I]f counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses; the court--not counsel--then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel's request to withdraw and dismiss the appeal insofar as federal requirements are concerned, or proceed to a decision on the merits, if state law so requires. On the other hand, if it finds any of the legal points arguable on their merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal.

Anders v. California (1967), 386 U.S. at 744.

This Court granted appellate counsel's request to withdraw after following the procedures mandated by Anders. This Court, as a matter of practice, allows the case to proceed on the merits to insure that the indigent defendant has been accorded his full due process rights. We hold that appellant was not denied his right to appellate counsel under the Sixth Amendment.

We affirm the conviction and sentencing of the District Court.

William E. Hunter
Justice

10

We concur:

_____
Chief Justice

_____

_____

_____
Justices