No.    94-630

IN THE SUPREME COURT OF THE STATE OF MONTANA

1995

STATE OF MONTANA,

    Plaintiff and Respondent,

  v.

JIMMY RAY BROMGARD,

    Defendant and Appellant.

FILED

SEP 08 1995

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable G. Todd Baugh, Judge presiding.


COUNSEL OF RECORD:

      For Appellant:

          William F. Hooks, State Appellate Defender,
Helena, Montana

      For Respondent:

          Hon. Joseph P. Mazurek, Attorney General,
Barbara Harris, Assistant Attorney General,
Helena, Montana

          Dennis Paxinos, Yellowstone County Attorney,
Billings, Montana


Submitted on Briefs:  July 27, 1995

Decided:  September 8, 1995

Filed:

_____
Clerk

Justice Terry N. Trieweiler delivered the opinion of the Court.

The defendant, Jimmy Ray Bromgard, was charged by information in the District Court for the Thirteenth Judicial District in Yellowstone County, with three counts of sexual intercourse without consent, in violation of § 45-5-503, MCA. After a trial by jury, Bromgard was convicted of all three charges, was sentenced to the Montana State Prison, and was designated a dangerous offender. Following a petition for post-conviction relief and appeal to this Court, he filed his second petition for post-conviction relief in the District Court. The District Court denied his petition. We reverse the order of the District Court and remand for further proceedings.

The issue on appeal is:

Did the District Court err when it denied Bromgard's second petition for post-conviction relief?

<u>FACTUAL BACKGROUND</u>

During the early morning hours of March 20, 1987, L.T. was asleep in her bedroom located on the second floor of her family's home in Billings. L.T. was eight years old at the time. At approximately 4:30 a.m., a man broke into the family residence by opening and climbing through a bathroom window located on the main floor of the house. The man walked to the second floor of the house and entered the hallway which led to L.T.'s room.

L.T. testified that in this hallway, a "strong light" was turned on. L.T. also testified that she awakened and could "not

very clearly" see the man, but knew that he was a stranger. The man approached L.T.'s bed, stuffed a cloth belt in her mouth and told her that if she did not shut up, he would kill her. The man then subjected L.T. to oral, vaginal, and anal intercourse. Afterward, he placed a pillow over L.T.'s head and left the home.

L.T. went to her father immediately after the attack and told him what had happened. L.T.'s parents took her to the Billings Clinic and Dr. Linda Johnson confirmed that L.T. had been sexually penetrated vaginally and anally.

With L.T.'s assistance, a composite sketch of her attacker was drawn. During the ensuing investigation, the sketch was shown to one of Bromgard's neighbors, who stated that the sketch resembled Bromgard. Thereafter, L.T. identified Bromgard in a police line-up. In addition, it was established that head and pubic hair samples taken from Bromgard matched head and pubic hairs taken from L.T.'s bed.

Bromgard was charged by information in the District Court of the Thirteenth Judicial District in Yellowstone County with three counts of sexual intercourse without consent, in violation of § 45-5-503, MCA. After trial by jury, he was found guilty on all three counts.

The day after the trial, a newspaper article published in the Billings Gazette disclosed that during deliberations the jury performed an experiment designed to test the lighting conditions that existed at the time of the attack. Apparently, the jurors

3

performed the experiment to determine whether the *lighting* was sufficient for L.T. to have seen her assailant and the color of his clothing. It does not appear that Bromgard's trial counsel in any way challenged the propriety of the experiment on the basis that it may have interjected evidence which was not admitted at trial.

The District Court sentenced Bromgard to three concurrent 40-year terms of imprisonment in the Montana State Prison, and designated him a dangerous offender.

Bromgard appealed his conviction, but his trial counsel failed to file an appellate brief or an *Anders* memorandum, pursuant to *Anders v. California* (1967), *386 U.S. 738, 87* S. Ct. 1396, 18 L. Ed. 2d 493. We, therefore, dismissed his appeal.

Bromgard, acting pro se, filed a petition for post-conviction relief in which he presented seven grounds for relief. We denied six of Bromgard's grounds for relief. However, we remanded the case and directed the District Court to appoint counsel to evaluate the merits of Bromgard's ineffective assistance of counsel claim. We then appointed the State Appellate Defender to represent Bromgard in the presentation of his appeal and granted Bromgard's motion to file an "out-of-time" appeal.

Following Bromgard's subsequent appeal to this Court, we affirmed his conviction. *State v. Bromgard* (1993), 261 Mont. 291, 862 P.2d 1140. While his appeal was pending, Bromgard filed this second petition for post-conviction relief. In this petition, he alleged that the jury engaged in misconduct by conducting its own

experiment and that he was, thereby, denied his right to a fair trial. Additionally, Bromgard alleged that his counsel's failure to challenge the propriety of the experiment denied him effective assistance of counsel which is guaranteed pursuant to the Sixth Amendment to the United States Constitution and Article II, Section 24, of the Montana Constitution. The District Court denied Bromgard's petition on the basis that Bromgard learned of the jury misconduct immediately following trial and failed to raise the issue on direct appeal.

DISCUSSION

Did the District Court err when it denied Bromgard's second petition for post-conviction relief?

There were no factual issues resolved by the District Court. Based on its conclusion that Bromgard's second petition for post-conviction relief was procedurally barred, the District Court denied his petition without ordering a response from the State. We review a district court's legal conclusions to determine whether the district court's application of the law was correct. *State v. Christensen* (1994), 265 Mont. 374, 375-76, 877 P.2d 468, 469.

Bromgard contends that the District Court erred when it concluded that the jury's misconduct and the related issue of ineffective assistance of counsel could have been raised on appeal. He correctly notes that evidence of the jury's misconduct was not part of the District Court record and that this Court has often stated that it will not consider on appeal facts that are not found

5

in the record. *State v.* Mason (1992), 253 Mont. 419, 423, 833 P.2d 1058, 1060. In fact, we have, in the past, ordered that newspaper articles (which formed the basis of Bromgard's post-trial information) should be stricken from a brief filed on appeal. *State v. Peese* (1987), 227 Mont. 424, 740 P.2d 659. We have also held that allegations of ineffective assistance of counsel which are based on facts which cannot be documented from the record in the underlying case must be raised by petition for post-conviction relief. *State v. Courchene* (1992), 256 Mont. 381, 847 P.2d 271.

We agree with Bromgard's assertion that the issue presented by his second petition for post-conviction relief could not have been raised on appeal. However, we need not belabor that point because it is conceded by the State. Instead of defending the conclusion of the District Court, the State responds that the result arrived at in the District Court was correct, even though the District Court's reason for arriving at that result was incorrect, and therefore, that the District Court's denial of Bromgard's petition should be affirmed. *See Hagen v. State* (1994), 265 Mont. 31, 35, 873 P.2d 1385, 1387.

The State contends that the issue raised in Bromgard's second petition for post-conviction relief is procedurally barred based on § 46-21-105, MCA, of the Post-Conviction Hearing Act, which provides in relevant part that:

> (1) All grounds for relief claimed by a petitioner under 46-21-101 must be raised in the original or amended petition. Those grounds for relief not raised are waived

6

> unless the court on hearing a subsequent petition finds grounds for relief that could not reasonably have been raised in the original or amended petition.

The State points out that the newspaper article relied on by Bromgard to establish misconduct is the same newspaper article that he relied on in his original prose petition to establish juror bias. Therefore, it contends that this Court should conclude as a matter of law that the current grounds for a new trial could reasonably have been raised in the original petition.

The State also contends that Bromgard's second petition was not adequately documented according to the requirements of § 46-21-104, MCA, and should have been dismissed on that independent basis. However, because no response was ordered by the District Court, that argument was neither raised in nor addressed by the District Court, and therefore, we will not consider it on appeal

In reply to the State's argument based on § 46-21-105(1), MCA, Bromgard emphasizes that part of the statute which provides that waiver only occurs if "the court on hearing a subsequent petition, finds grounds for relief that could not reasonably have been raised . . ." Bromgard contends that whether or not the grounds raised in his second petition could reasonably have been raised in the first petition, or whether good cause can be shown why those grounds were not raised, is a question of fact best left to the District Court.

Bromgard is correct. While at first blush it may seem obvious that an argument based on the same newspaper article which formed the basis of Bromgard's previous petition could have been raised by the previous petition, we have no factual record from which to consider evidence to the contrary. As Bromgard points out, issues of this nature are best resolved after an evidentiary proceeding in the district court. No evidentiary proceeding was afforded in this case because of the District Court's erroneous conclusion that Bromgard's basis for post-conviction relief could have been raised on direct appeal to this Court. Therefore, we conclude that the District Court erred when it denied Bromgard's petition for post-conviction relief.

For these reasons, we vacate the order of the District Court denying post-conviction relief, and remand this case to the District Court for further proceedings to determine whether Bromgard could reasonably have raised the issues which are the subject of his second petition for post-conviction relief in his first petition. If so, then Bromgard's second petition should be denied pursuant to § 46-21-105(1), MCA. If not, then the District Court should decide on the merits of Bromgard's second petition.

_____
us        ce

8

we concur:

_____
Chief Justice

_____

_____

_____
Justices

9