IN THE SUPREME COURT OF THE STATE OF MONTANA

No. 96-633

FILED

OCT 0 7 1997

*Ed Smith*

CLERK OF SUPREME COURT
STATE OF MONTANA

| | |
|---|---|
| STATE OF MONTANA, | ) |
| | ) |
| Plaintiff and Respondent, | ) |
| | ) |
| v. | ) OPINION |
| | ) AND |
| MARK DENNY, | ) ORDER |
| | ) |
| Defendant and Appellant. | ) |

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1995 Internal Operating Rules, the following decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of the Supreme Court and by a report of its result to State Reporter Publishing Company and West Publishing Company.

Factual and Procedural Background

Appellant Mark Denny (Denny) was convicted of felony assault and misdemeanor criminal mischief. He was sentenced to seven years at the Montana State Prison with credit for 85 days of time served. Denny's appellate counsel, Stephen A. Gannon (Gannon), filed an appeal on Denny's behalf on March 24, 1997. Gannon raised the issue of whether the District Court credited Denny with the correct amount of time served. Then, using the procedure laid out in Anders v. California (1967), 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, and adopted by this Court in State v. Mason (1992), 253 Mont. 419, 833 P.2d 1058, Gannon listed nine issues that Denny wished to raise but which Gannon believed were totally without merit.

On May 1, 1997, on motion by the State, this Court remanded and ordered the District Court to develop a record regarding its calculation of time served and to return the file to this Court with a recommendation for an adjustment, if it determined one was necessary. This Court further ordered Denny personally to file a brief explaining why the remaining nine issues have merit and should be considered on appeal. We also gave Gannon thirty days from the submission of the District Court's findings concerning credit for time served in which to file a supplemental brief on that issue. After remand, the District Court entered an order amending its prior judgment and crediting Denny for 179 days of time served. Denny filed his *pro se* brief addressing the remaining issues with this Court on July 8, 1997.

## Discussion

### I. District Court's Amended Judgment

In its original sentencing order, the District Court credited Denny with 85 days of time served. On remand, the District Court concluded that Denny was entitled to 179 days of time served and ordered that its prior judgment be amended. The State does not object to the amended judgment. Because neither party is challenging the amended judgment, the issue of whether the District Court properly calculated the amount of time served is no longer before us. Having held that this issue is moot, we determine that pursuant to Anders, 386 U.S. at 744, Gannon need not file a supplemental brief on that issue and is relieved from representing Denny on the remaining issues. We consider the following issues based on Denny's *pro se* brief.

### II. Issues Raised by Denny

2

In Mason, this Court adopted the procedure established by the U.S. Supreme Court for reviewing issues raised by the defendant that defense counsel finds frivolous and without merit:

> "[T]he court--not counsel--then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel's request to withdraw and dismiss the appeal . . . or proceed to a decision on the merits, if state law so requires. On the other hand, if it finds any of the legal points arguable on their merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal."

Mason, 833 P.2d at 1062-63 (quoting Anders, 386 U.S. at 744). This Court has held that to insure that the defendant is accorded his full due process rights, we should, after determining that none of the issues are arguable, proceed to a decision on the merits. Mason, 833 P.2d at 1063. Therefore, we will proceed to review the issues raised by Denny on their merits.

1. Denny argues that the Hill County Attorney, David G. Rice, had a conflict of interest and acted in a biased and racist manner toward Denny. Denny refers to an incident following his acquittal on another charge prosecuted by Rice in which Rice allegedly made threats and racist remarks to Denny. Denny cites several pages in the District Court record where he told the court of his complaints against Rice. However, the discussion cited by Denny was solely argument that took place in chambers. This Court could find no sworn testimony in the record to support these allegations.

Denny also attempts to support his argument of prosecutorial bias by attaching to his brief several affidavits of family members. However, we have repeatedly held that parties on appeal are bound by the record and may not add additional matters in briefs or

3

appendices. State v. Hatfield (1993), 256 Mont. 340, 846 P.2d 1025; State v. Horseman (1993), 263 Mont. 87, 866 P.2d 1110. After fully reviewing the proceedings, we find nothing in the record to support Denny's claim that Rice had a conflict of interest or acted in a biased or racist manner.

2. Denny argues that a conflict of interest also existed, as "plainly shown by the friendly manner in which the County Attorney and defendant's counsel wrote to each other." Again, this Court will not consider the attached letters as they are not a part of the record. Further, lawyers in an adversary proceeding are not precluded from acting in a polite or friendly manner toward each other, and the record contains no evidence of improper association on the part of either counsel.

3. Denny was convicted of felony assault for injuring the victim by throwing a rock through the window of a car the victim was driving. Denny argues that his counsel erred in failing to move to suppress evidence of the rock, to run laboratory tests on the rock, or to object to testimony about the rock because it was never produced at trial. Denny seems to argue that because the rock itself was not introduced into evidence, his counsel should have objected to witness' testimony relating to the rock. Clearly, this argument is without merit. The State was not required to produce the rock, State v. Lozeau (1982), 200 Mont. 261, 650 P.2d 789. Further, the record reveals that witness testimony properly established Denny's use of a rock as the weapon.

4. Denny next argues that his attorney erred in allowing a juror to remain on the jury despite her having indicated in her juror questionnaire that she should be excused because

4

she felt she could not be unbiased. This Court will not consider the juror questionnaire as it is not part of the record. In the transcript, Denny's trial counsel told this juror that he liked her responses during the prosecution's voir dire. He also asked her whether she would "hold out" against eleven votes for conviction if she had a reasonable doubt as to the defendant's guilt, and she replied that she would. From this limited evidence in the record, we cannot conclude that defense counsel erred in failing to challenge this juror. Denny also argues that by allowing this biased juror to remain on the jury, counsel allowed the entire jury panel to be tainted. Because we conclude that it was not error to allow this juror to remain on the jury, this argument is also without merit.

5. Denny next contends that his counsel erred in failing to object to the racial makeup of the jury, which Denny states was entirely Caucasian. The record contains another conference in chambers during which Denny told the court of his concern regarding the racial composition of the jury. Judge Warner, looking at the list of potential jurors, noted that several were Native American and that two were related to Denny. Judge Warner inquired of his clerks regarding the whereabouts of two Native American persons and one white person who had failed to show up and about the efforts made to reach them.

Judge Warner then concluded, for the record, that "the jury list in Hill County is drawn from the registered voter list pursuant to statute. There are numerous Native American people on the list, they are summoned at random in the regular selection and empaneling of jurors in Hill County." He noted that there were two or three people on the jury that "appeared Native American" and that the lack of Hispanic or black people in the

a defendant to a new trial. State v. Ahmed (1996), 278 Mont. 200, 924 P.2d 679. This Court will not disturb the jury's determinations regarding the credibility of witnesses and determinations of fact. We agree with the State's and appellate counsel's conclusion that this issue is without merit.

The Court having considered the matter,

IT IS ORDERED that the State's motion to dismiss the appeal is DENIED. Further, after a full examination of the record, we hold that all of the issues raised by Denny are frivolous and wholly without merit. AFFIRMED.

The Clerk of this Court is directed to mail a true and correct copy of this Order to the Office of the Attorney General, to Denny personally, and to appellate counsel for Denny.

DATED this 7th day of October, 1997.

_____
Chief Justice

_____

_____

_____

_____

_____
Justices

7