CHIEF JUSTICE TURNAGE
delivered the Opinion of the Court.
Joe Edward Chastain was convicted of sexual intercourse without consent and sexual assault, in a jury trial in the Fourth Judicial District Court, Missoula County. He appeals. We reverse.
The dispositive issue is whether Chastain was denied effective assistance of counsel through omissions by his attorney during and as a result of voir dire.
In May 1995, Chastain was arrested on two counts of sexual intercourse without consent and one count of sexual assault. The three complaining witnesses were young female relatives of Chastain. The charges alleged that Chastain digitally fondled one girl’s, and penetrated the other two girls’, vaginal areas during a camping trip in summer 1992.
A two-day jury trial was held on November 7 and 8,1995. The jury found Chastain not guilty of one count of sexual intercourse without consent, but guilty of the other count of sexual intercourse without *63 consent and of sexual assault. Chastain was sentenced to serve forty years at Montana State Prison.
Discussion
Was Chastain denied effective assistance of counsel through omissions by his counsel during and as a result of voir dire?
A criminal defendant is denied effective assistance of counsel if: (1) his counsel’s conduct falls short of the range reasonably demanded in light of the Sixth Amendment to the United States Constitution; and (2) counsel’s failure is prejudicial. Strickland v. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674.
During voir dire, Chastain’s defense counsel asked prospective jurors whether they had heard about this case. One panelist responded that he had read about the case in the newspaper and that he had strong feelings. At that point, defense counsel asked that this prospective juror be further interviewed in chambers, to which the court agreed. The following colloquy occurred in chambers.
THE COURT: Let the record reflect the jury is not present.
Q. [BY DEFENSE COUNSEL] I didn’t mean to embarrass you or anything; but, from my trial strategy, you are a vital part of being on the jury or not on the jury, so my question is: You said you had strong feelings about the case?
A. Well, not so much about this case. My little sister was abducted when she was about 16 years old, or actually she was driving a car and somebody jumped in her car. Fortunately she bailed out and he was caught, but I have really strong feelings about what could have happened, and it could taint my judgment.
Q. Okay. It could?
A. Uh-huh.
Q. Um, of course, not favorably against the Defendant, probably—
A. Probably not favorably, no.
Q. Okay. That’s all I needed to know. I just wanted to make sure we were in chambers.
A. I wasn’t going to say anything out there.
THE COURT: Do you have any questions?
[COUNSEL FOR THE STATE]: No.
THE COURT: Thank you, sir.
Defense counsel did not challenge this prospective juror, who served on the jury.
*64 In answer to the same voir dire question from defense counsel, a second member of the jury panel said that she remembered seeing an article about the case in the newspaper, but did not remember reading the article. Defense counsel questioned her as follows:
Q. From what you do remember, how does it affect your duty in this particular case?
A. I don’t really know what to do.
Q. Do you think that what you’ve read would impair your judgment toward my client or towards the State?
A. It’s hard for me to say. I do have—when I read about something like that, I do kind of evoke some strong feelings.
Counsel then asked the prospective juror to verify her name, but he did not further pursue this line of inquiry. Nor did he challenge her as a juror. The woman served on the jury.
A criminal defendant has the right to challenge a prospective juror for cause if that prospective juror “[has] a state of mind in reference to the case or to either of the parties that would prevent the juror from acting with entire impartiality and without prejudice to the substantial rights of either party.” Section 46-16-115(2)(j), MCA. There is no statutory limit upon the number of challenges for cause which a party may raise. “The purpose of voir dire in a criminal proceeding is to determine the existence of bias and prejudice on the part of prospective jurors and to enable counsel to intelligently exercise his peremptory challenges.” Great Falls Tribune v. District Court (1980), 186 Mont. 433, 440, 608 P.2d 116, 120. In addition to the right to raise challenges for cause, a defendant in a criminal trial is allowed six peremptory challenges to prospective jurors. Section 46-16-116, MCA.
Juror bias may be presumed by reason of potential for substantial emotional involvement as expressed in the record. United States v. Eubanks (9th Cir. 1979), 591 F.2d 513, 517. Moreover:
A court must excuse a prospective juror if actual bias is discovered during voir dire. Bias can be revealed by a juror’s express admission of that fact, but, more frequently, jurors are reluctant to admit actual bias, and the reality of their biased attitudes must be revealed by circumstantial evidence. We agree with the observation in Kiernan v. Van Schaik (3rd Cir. 1965), 347 F.2d 775, 781: “That men will be prone to favor that side of a cause with which they identify themselves either economically, socially, or emotionally is a fundamental fact of human character.”
*65 United States v. Allsup (9th Cir. 1977), 566 F.2d 68, 71.
It is incumbent upon a party to develop information in the record that demonstrates a juror’s bias as to a party or an issue in the case. Defense counsel had a clear duty to ensure Chastain’s right to a fair trial by a panel of impartial jurors.
The principal way in which this right to trial by “indifferent” jurors is secured is through the system of challenges exercised during voir dire. Inhibition of the right to challenge peremptorily or for cause is usually deemed prejudicial error, without a showing of actual prejudice.
Allsup, 566 F.2d at 71.
In this case, the statements of both prospective jurors quoted above demanded, at a minimum, additional inquiry. Both prospective jurors expressed reservations about their ability to judge this case fairly. Yet counsel failed to follow up with additional questions asking whether those prospective jurors could set aside their feelings and render a fair verdict. Nothing in the record explains this failure. Other than counsel’s bare comment that the first prospective juror was “a vital part of being on the jury or not on the jury,” the record does not reflect a tactical decision by defense counsel not to challenge these two jurors. Nor does the record explain counsel’s failure to exclude these two jurors under the peremptory challenges allowed pursuant to § 46-16-116, MCA.
The evidence against Chastain was not so overwhelming that defense counsel’s failure to examine these jurors for cause or to exercise even one for-cause challenge can be viewed as harmless error. Chastain was acquitted on one of the charges of sexual intercourse without consent. There was no physical evidence. Three years passed between the camping trip and when Chastain was arrested and formally charged. The accusations were made by children of a young age. Chastain had never before been accused of similar acts.
Where, as here, defense counsel abandons his client’s right to challenge a juror for no apparent reason, error must be attributed to the lawyer. As stated in Eubanks, 591 F.2d at 517, the presence on the jury of even one juror who could not fairly assess the credibility of the witnesses must be presumed prejudicial. Thus, the two prongs of the Strickland test for ineffective assistance of counsel are met. We hold that, under the circumstances here presented, counsel’s failure to take steps to prevent the presence on the jury of two jurors who may not have been able to fairly serve amounts to ineffective assis *66 tance of counsel. Because we reverse Chastain’s conviction on that basis, we need not consider the other issues raised on appeal.
Chastain’s conviction is reversed and this case is remanded for retrial or other further proceedings consistent with this Opinion.
JUSTICES REGNIER, LEAPHART and HUNT concur.