JUSTICE LEAPHART,
dissenting.
¶23 I would hold that Hawkins has alleged sufficient grounds to merit a hearing under Perry.
¶24 In Perry, defendant Perry was convicted of second degree murder in 1971. Sixteen years later he moved for a new trial or other appropriate relief based on the alleged recantation of his accomplice. Perry, 232 Mont. 455, 758 P.2d 268. The threshold issue before the Court was whether it had jurisdiction over Perry’s petition. The State argued that Perry’s petition was time-barred because of the five-year statute of limitations set forth under § 46-21-102, MCA. However, Perry only became aware of the alleged recantation of his accomplice in 1986.
¶25 The Court in Perry concluded that although Perry’s petition was not a petition for habeas corpus, it “sounds in the nature a petition for habeas corpus,” and the Court held that it could hear Perry’s petition. Perry, 232 Mont. at 463, 758 P.2d at 273. The Perry Court reasoned that to accept the State’s position could result in situations where “a defendant held in violation of his constitutional rights would be deprived of a method of redress regardless of his diligence or the justness of his claim.” Perry, 232 Mont. at 462, 758 P.2d at 272-73.
¶26 In subsequent decisions, this Court has narrowed the Perry exception. In Beach, the Court distinguished defendant Beach’s case from that of Perry, concluding that Beach did not allege the discovery of newly discovered evidence subsequent to his appeal. Beach, 275 Mont. 370, 913 P.2d 622. Further, in Gollehon, the Court limited Perry to its facts and recognized it as a “judicially created exception[ ] to § 46-16-702, MCA, solely becduse [its] constitutional due process implications ... transcend the otherwise clear and unambiguous requirements of the statute.” Gollehon, 274 Mont. at 122, 906 P.2d at 701. ¶27 While Gollehon could be read literally to require that petitioners present exactly the same facts as did defendant Perry, I submit that such a requirement would mistakenly deprive Perry of effect for petitioners who, like Perry, present “a claim of unconstitutional incarceration which otherwise would have been procedurally barred before its alleged basis arose.” State v. Sullivan (1997), 285 Mont. 235, 244, 948 P.2d 215, 221. In limiting Perry to its facts, the Court in Gollehon commented that “it is a misapplication of our decision in [Perry] to argue that its analysis should be extended beyond other *131 cases with like facts.” Gollehon, 274 Mont. at 120, 906 P.2d at 700 (emphasis added). In the present case, the facts are sufficiently like those in Perry. Hawkins alleges that as a result of his attorney’s ineffective assistance he has been unjustly convicted and that he has newly discovered evidence that he has diligently pursued. However, Perry must be narrowly construed in light of Beach and Gollehon. Under Perry, a petitioner should allege that a constitutional right has been violated, that he has therefore been unlawfully detained, that the newly discovered evidence was not available before any statutory rights of redress expired, and that he acted diligently upon the newly discovered evidence.
¶28 In the present case, Hawkins has met each one of the Perry requirements. Hawkins’ allegations are briefly summarized. First, Hawkins’ constitutional right to effective assistance of counsel has been violated because his attorney failed to investigate witnesses who had mitigating evidence. As a result of his counsel’s failure to investigate, Hawkins was persuaded not to testify. Second, Hawkins is serving a prison sentence for a crime that is higher than that for which he should have been found guilty. Third, Hawkins has mitigating evidence that he only discovered in 1997. Those witnesses are available and willing to testify. Finally, Hawkins has acted diligently; he moved for relief within a few months of his discovery of the mitigating evidence.
¶29 The Court’s conclusion that evidence of Hawkins’ mental state was available at his trial reflects an unfortunate confusion. The critical undisputed point is that Hawkins did not testify; therefore, evidence of his mental state was not available at trial. Hawkins could have testified regarding his mental state but lacked crucial corroborating evidence of his mental state because his attorney failed to investigate witnesses. At trial, Hawkins acted reasonably in following the recommendation of his attorney that he not testify in the absence of corroborating evidence. It is the availability of that corroborating evidence that should properly concern the Court.
¶30 Moreover, the corroborating evidence is not cumulative. In State v. Greeno (1959), 135 Mont. 580, 342 P.2d 1052, the Court reviewed the standard for motions for new trials based on newly discovered evidence and concluded that a court should determine that such evidence is not “cumulative merely — that is, [it] does not speak as to facts in relation to which there was evidence at the trial.” Greeno, 135 Mont. at 586, 342 P.2d at 1055. Although there was no evidence of *132 Hawkins’ mental state at trial, the affidavits provided by Hawkins clearly bear on Hawkins’ mental state when his wife died. Compare State v. Gangner (1925), 73 Mont. 187, 192-93, 235 P. 703, 706 (commenting that “[e]vidence is cumulative which merely multiplies witnesses to any one or more of these facts before investigated, or only adds other circumstances of the same general character”) (citation omitted).'
¶31 I note that the Court’s concern with the miscarriage of justice for the State that would result if Hawkins received a hearing is misplaced. Perry expressly concerned itself with defendants “held in violation of [their] constitutional rights,” not with inconvenience to the State because a witness is deceased. Perry, 232 Mont. at 462, 758 P.2d at 272-73. Moreover, at a hearing the State could thoroughly examine the witnesses whom Hawkins called.
¶32 The Court also concludes that Hawkins’ claim is barred as a successive petition under § 46-21-105, MCA. Section 46-21-105, MCA, provides in part:
The court shall dismiss a second or subsequent petition by a person who has filed an original petition unless the second or subsequent petition raises grounds for relief that could not reasonably have been raised in the original or an amended original petition.
Section 46-21-105(l)(b), MCA (emphasis added). The issue then is whether, in his 1983 petition, Hawkins could reasonably have raised the claim that his trial counsel failed to investigate witnesses with mitigating evidence.
¶33 In State v. Bromgard (1995), 273 Mont. 20, 901 P.2d 611, this Court reviewed the order of a district court denying defendant Bromgard’s second petition for post-conviction relief. Concluding that whether the grounds raised in a defendant’s second petition could reasonably have been raised in his original petition was a question of fact, the Bromgard Court commented:
While at first blush it may seem obvious that an argument based on the same newspaper article which formed the basis of Bromgard’s previous petition could have been raised by the previous petition, we have no factual record from which to consider evidence to the contrary. As Bromgard points out, issues of this nature are best resolved after an evidentiary proceeding in the district court.
Bromgard, 273 Mont. at 24, 901 P.2d at 614. In the present case, of course, the Court has heard Hawkins’ petition as a petition for *133 postconviction relief, not as an appeal from an order of the District Court. However, Bromgard’s determination that the reasonableness of claims raised in subsequent petitions is a question of fact should guide the Court in the present case.
¶34 Applying a reasonableness standard to Hawkins’ petition requires our eschewal of a mechanical analysis that merely determines whether a claim could possibly have been raised previously. Bromgard strongly suggests that the circumstances surrounding each petition should be carefully evaluated. In the present case, Hawkins claims that he was not aware until the summer of 1997 that particular witnesses knew of and were willing to testify regarding his wife’s disclosure about the paternity of her children. However, the Court concludes that in his original, 1983 petition Hawkins could have raised the grounds that he has articulated in the petition before the Court. Thus, the Court has in essence determined that in 1983 Hawkins should have known that his wife had confided in specific individuals about the paternity of her children; known how to reach those individuals; and known that they were willing to testify. I do not share the Court’s great confidence in the resources and wherewithal of prisoners to investigate such grounds for postconviction relief. At the very least, Hawkins’ ability in 1983 to develop the information that he alleges he received in the summer of 1997 is a question of fact that warrants an evidentiary hearing.
¶35 I would hold that Hawkins’ petition for postconviction relief is not barred as a successive petition under § 46-21-105, MCA, and that Hawkins is entitled to a hearing under Perry. I dissent.
JUSTICES TRIEWEILER and HUNT join in the foregoing dissent of JUSTICE LEAPHART.