JUSTICE NELSON
specially concurs and dissents.
¶31 I concur in our discussion and resolution of Issues 1 and 3.1 agree with the result of Issue 2, but I disagree with our determination not to overrule State v. Chastain (1997), 285 Mont. 61, 947 P.2d 57.
¶32 Aside from being legally incorrect, I suggest that in attempting to distinguish our decision in Chastain, we are going to cause more confusion than elucidation. The fundamental problem in both Chastain and the instant case is that, during voir dire, potential jurors made statements that arguably should have prompted some sort of follow-up questions from defense counsel.
¶33 In Chastain, the defendant raised on direct appeal the issue of defense counsel's failure to ask follow-up questions of jurors. Chastain, *348 285 Mont. at 62, 947 P.2d at 58. We concluded that in failing to followup, defense counsel had “abandon[ed] his client’s right to challenge a juror for no apparent reason” with the result that “error must be attributed to the lawyer.” Chastain, 285 Mont. at 65, 947 P.2d at 60 (emphasis added). Indeed, we held that this error of counsel deprived Chastain of his constitutional right to effective assistance of counsel. Chastain, 285 Mont. at 65, 947 P.2d at 60.
¶34 Importantly, we made these determinations from the existing record on appeal and without the necessity of further evidentiary development by way of a postconviction proceeding. We did not concern ourselves with why defense counsel failed to ask follow-up questions. Rather, it was enough-presumptively prejudicial, in fact-that he did not. Chastain, 285 Mont. at 65, 947 P.2d at 60. And, we reached these conclusions from a record silent as to defense counsel’s rationale or lack thereof.
¶35 Accordingly, to be logically consistent in the case at bar we should similarly conclude that Whitlow’s failure to raise his Chastain claims on direct appeal statutorily bars those claims from postconviction review. Section 46-21-105(2), MCA. See also State v. Hanson, 1999 MT 226, ¶ 14, 296 Mont. 82, ¶ 14, 988 P.2d 299, ¶ 14 (“We consistently apply the statutory bar ‘in order to prevent the abuse of postconviction relief by criminal defendants who would substitute those proceedings for direct appeal and in order to preserve the integrity of the trial and direct appeal.’ ”) (citation omitted).
¶36 Concomitantly, if we are going to reverse and remand this case for a postconviction hearing, then we should overrule Chastain. And we should do so for more than simple logical and procedural consistency. Chastain was wrongly decided.
¶37 In Chastain, we had no more way of knowing why defense counsel failed to ask follow-up questions than we do in the case sub judice. In point of fact, we specifically acknowledged that Chastain’s counsel failed to “challenge a juror for no apparent reason.” Chastain, 285 Mont. at 65, 947 P.2d at 60 (emphasis added).
¶38 Because the record is silent as to why defense counsel failed to ask follow-up questions, the Chastain issue is, thus, quintessential^ a non-record based issue. Without an evidentiary hearing—which can only be accomplished in a postconviction proceeding-one can speculate all day long about why counsel did not ask follow-up questions. Maybe counsel had a tactical reason for not questioning the jurors in response to their voir dire answers; maybe he did not. The point is that without asking him or her, who knows? As we recently observed in State v. White, 2001 MT 149, ¶ 20, 306 Mont. 58, ¶ 20, 30 P.3d 340, ¶ 20:
Though not easily distilled into a formula, the definitive question that distinguishes and decides which actions are record and which are non-record is why? In other words, if counsel fails *349 to object to the admission of evidence, or fails to offer an opening statement, does the record fully explain why counsel took the particular course of action? If not, then the matter is best-suited for post-conviction proceedings which permit a further inquiry into whether the particular representation was ineffective. Only when the record will fully explain why counsel took, or failed to take, action in providing a defense for the accused may this Court review the matter on direct appeal.
¶39 Indeed, recognizing this common sense point we have consistently held that error will not be determined from a silent record where claims of ineffective assistance of counsel are at issue. Most recently we stated:
First, as to St. John’s allegation that his trial counsel was ineffective for failing to object to the court’s not considering sentencing alternatives, the record is silent as to why St. John’s counsel failed to act in the challenged manner. When the record does not provide the basis for the challenged acts or omissions of counsel, a defendant claiming ineffective assistance of counsel more appropriately makes his claims in a petition for postconviction relief. See State v. Bromgard (1995), 273 Mont. 20, 23, 901 P.2d 611, 613; State v. Black (1995), 270 Mont. 329, 338, 891 P.2d 1162, 1167-68; State v. Courchene (1992), 256 Mont. 381, 389, 847 P.2d 271, 276; State v. Black (1990), 245 Mont. 39, 43, 798 P.2d 530, 532-33. Accordingly, because we cannot address this aspect of St. John’s ineffective assistance of counsel claim without considering matters outside the record, we decline to review this issue further. See State v. Henry (1995), 271 Mont. 491, 496, 898 P.2d 1195, 1198, cert. denied, 516 U.S. 1075, 116 S.Ct. 779, 133 L.Ed.2d 730 (1996).
State v. St. John, 2001 MT 1, ¶ 40, 304 Mont. 47, ¶ 40, 15 P.3d 970, ¶ 40.
¶40 Finally, logical and procedural inconsistency and legal error aside, I must also agree with the State. Since Chastain is still good law, then, at least in some cases, the prosecution will be deprived of any opportunity to demonstrate that defense counsel did not ask follow-up questions for a tactical reason. Now, in some cases, the failure of defense counsel to ask follow-up questions will be presumptively prejudicial. In other cases this failure will require an evidentiary hearing. In some cases, the silent record will result in automatic reversal; in other cases it will not. In some cases we will know (or at least try to find out) the why of defense counsel’s omission; in other cases counsel’s rationale or lack thereof will forever remain a mystery. In short, if there is a rule of law lurking somewhere in all of this, I am hard pressed to state what it is. And, of course, that is the problem.
¶41 Our approach here-parsing the sorts of voir dire responses for *350 which the failure to follow up will be considered presumptively prejudicial-provides no guidance to the practicing bar and will generate nothing but confusion along with the necessity to appeal every case involving a Chastain issue. Rather than opting for a clearly expressed rule, we have, to the contrary, muddied this area of the law immeasurably.
¶42 While I concur in the result of Issue 2,1 would overrule Chastain, and I dissent from that portion of our discussion. I would hold that, absent counsel’s rationale being clearly expressed on the trial record, a claim of ineffective assistance of defense counsel based on the accused’s attorney’s failure to ask follow-up questions of jurors on voir dire is not record based and, thus, is not an issue to be resolved on direct appeal.
¶43 Accordingly, I specially concur and dissent.