JUSTICE TRIEWEILER
concurs.
¶44 I concur with the majority’s conclusion that Whitlow’s petition for post-conviction relief was not procedurally barred based on his failure to raise his ineffective assistance of counsel claim on direct appeal.
¶45 I write separately to state that I do not believe this decision is in any way inconsistent with our decision in State v. Chastain (1997), 285 Mont. 61, 947 P.2d 57.
¶46 I believe that Chastain, in its entirety, is factually distinguishable from this case and that there is nothing inconsistent about that decision and this decision.
¶47 Briefly, in Chastain, two jurors stated that they came to court with prior experience or prior knowledge that would impair their abilities to treat the defendant fairly. Having disclosed their bias or probable bias, no follow-up questions were asked to determine whether they could set their feelings aside and consider the State’s claims based on the evidence and the law about which they would be instructed by the court. Neither juror was challenged for cause even though their admissions clearly brought them within the basis for disqualification set forth at § 46-16-115(2)(j), MCA, and neither juror was stricken by peremptory challenge even though defense counsel had six at his disposal pursuant to § 46-16-116, MCA. Both jurors served on the jury.
¶48 In this case three jurors expressed knowledge, feelings or a prior experience which could have indicated an inability to treat the defendant fairly. However, in each case follow-up questions were asked by the county attorney and in each case the juror stated under oath that the prior knowledge, feeling or experience would not prevent him or her from being impartial. There was no statutory basis for challenging any of the three jurors in this case for cause and reasons for not exercising peremptory challenges are known uniquely to the attorney who does or doesn’t exercise them.
¶49 The questions and answers involved in this case are set forth in *351 the majority opinion. However, the striking contrast between the colloquies before us and in Chastain can only be evident by setting forth the relevant portions of the Chastain opinion. They are as follows:
THE COURT: Let the record reflect the jury is not present.
Q. [BY DEFENSE COUNSEL] I didn’t mean to embarrass you or anything; but, from my trial strategy, you are a vital part of being on the jury or not on the jury, so my question is: You said you had strong feelings about the case?
A. Well, not so much about this case. My little sister was abducted when she was about 16 years old, or actually she was driving a car and somebody jumped in her car. Fortunately she bailed out and he was caught, but I have really strong feelings about what could have happened, and it could taint my judgment.
Q. Okay. It could?
A. IJh-huh.
Q. Um, of course, not favorably against the Defendant, probably-
A. Probably not favorably, no.
Q. Okay. That’s all I needed to know. I just wanted to make sure we were in chambers.
A. I wasn’t going to say anything out there.
THE COURT: Do you have any questions?
[COUNSEL FOR THE STATE]: No.
THE COURT: Thank you, sir.

Defense counsel did not challenge this prospective juror, who served on the jury.

In answer to the same voir dire question from defense counsel, a second member of the jury panel said that she remembered seeing an article about the case in the newspaper, but did not remember reading the article. Defense counsel questioned her as follows:
Q. From what you do remember, how does it affect your duty in this particular case?
A. I don’t really know what to do.
Q. Do you think that what you’ve read would impair your judgment toward my client or towards the State ?
A. It’s hard for me to say. I do have-when I read about something like that, I do kind of evoke some strong feelings.
Counsel then asked the prospective juror to verify her name, but he did not further pursue this line of inquiry. Nor did he challenge her as a juror. The woman served on the jury.
State v. Chastain, 285 Mont. at 63-64, 947 P.2d at 59. (Emphasis added.)
¶50 If I shared Justice Nelson’s view that distinguishing Chastain from the facts in this case is difficult, I would agree with his solution. *352 However, there are at least two observations made in Justice Nelson’s concurring opinion with which I disagree.
¶51 First, I disagree that there could have been a tactical explanation for counsel’s failure to ask follow-up questions in Chastain. If counsel in that case had some direct knowledge about the juror’s background which was sufficiently compelling to make such damaging statements irrelevant, then it makes no sense for counsel to have questioned the jurors about potential bias in the first place. Furthermore, it made no sense to seek court permission to examine at least one of the jurors outside the presence of the other jurors and then when given the opportunity, not further explore the basis for the juror’s expressed bias. There simply could be no non-record-based explanation for counsel’s omissions in the Chastain case.
¶52 Second, I disagree with Justice Nelson’s observations that in some cases “[T]he failure of defense counsel to ask follow-up questions will be presumptively prejudicial. In other cases this failure will require an evidentiary hearing.” The difference as I see it is that the failure to ask follow-up questions from an admittedly biased juror who ends up serving on the jury is presumptively prejudicial whereas the failure to ask follow-up questions from jurors to whom follow-up questions have already been asked and who have denied bias is not presumptively prejudicial.
¶53 If there is a problem with Chastain, it is found in dicta alluded to by Justice Nelson which infers that we reversed that conviction because there was no record-based explanation for counsel’s omissions. The opinion should have more correctly noted that there can be no explanation.
¶54 For these reasons, I concur with the majority’s conclusion that Whitlow’s petition for post-conviction relief is not procedurally barred. I question how, based on the facts in this case, ineffective assistance of counsel can be demonstrated. However, that issue is not before us.
JUSTICE COTTER joins in the foregoing concurrence.