No. 80-484

IN THE SUPREME COURT OF THE STATE OF MONTANA

1981

---

NORTHWESTERN NATIONAL INSURANCE COMPANY,
a corporation,

Plaintiff and Respondent,

vs.

AGRA-STEEL CORPORATION, et al.,

Defendant and Appellant.

---

Appeal from:  District Court of the Eleventh Judicial District,
In and for the County of Flathead
Honorable James M. Salansky, Judge presiding.

Counsel of Record:

For Appellant:

Murphy, Robinson, Heckathorn and Phillips, Kalispell,
Montana

For Respondent:

Warden, Christiansen and Johnson, Kalispell, Montana
Astle and Astle, Kalispell, Montana

---

Submitted on briefs:  May 28, 1981

Decided:  August 6, 1981

Filed:  AUG 6 - 1981

*Thomas J. Kearney*

Clerk

Mr. Justice Frank B. Morrison, Jr., delivered the Opinion of the Court.

Defendant, Agra Steel, appeals from a judgment entered August 12, 1980, in the Eleventh Judicial District, Flathead County, following a trial before the court. The judgment awarded Northwestern National Insurance Company $20,000 with accrued interest and awarded $24,319 to James R. Johnson and Barbara E. Johnson. The damages resulted from breach of express and implied warranties covering a steel storage building purchased from Agra Steel by the Johnsons and insured by Northwestern National. A heavy snowfall caused the roof to sag.

Approximately one year after the roof was damaged, Northwestern National Insurance Company paid the Johnsons $20,000 under an insurance contract covering the building. Northwestern then sued Agra Steel through exercising subrogation rights. The Johnsons also brought suit claiming damages in addition to the $20,000 paid under the insurance contract. The actions were thereafter consolidated and tried before the court, sitting without a jury.

Consolidated judgments against Agra Steel were ordered August 11, 1980, and notice of entry of judgment was filed August 12 and served upon counsel for Northwestern National Insurance and Agra Steel. Counsel for the Johnsons was not served. Agra Steel filed its notice of appeal September 22, 41 days from notice of entry of judgment. On September 24, the respondents made a motion to the District Court to dismiss the appeal as untimely filed. Argument on the motion to dismiss the appeal was heard October 7 and on October 27, the District Court found and ordered:

> ". . . the Clerk of this Court neglected to send Notice of Entry of Judgment to defendant's co-counsel in the State of Missouri; that the same

may have caused confusion on the part of such co-counsel as to when the appeal time commenced running; it appears to the Court that the same constitutes excusable neglect;

"Therefore, plaintiffs' Motion to Dismiss is hereby denied; the time within which defendant may file its notice of appeal is hereby extended thirty days. Dated this 27th day of October, 1980."

Agra Steel did not file a subsequent notice of appeal, ostensibly relying upon the notice of appeal filed September 22.

In every appeal the first question is that of jurisdiction. Hand v. Hand (1957), 131 Mont. 571, 576, 312 P.2d 990, 992. Before proceeding we must consider whether or not Agra Steel properly perfected its right of appeal. Appellant had the duty to perfect its appeal in the manner and within the time limits provided by law. Absent such compliance, this Court does not acquire jurisdiction to entertain and determine the merits of the appeal. Price v. Zunchich (1980), ___Mont.___, 612 P.2d 1296, 37 St.Rep. 1058.

Rule 4(a), M.R.App.Civ.P., states: "[A]n appeal shall be taken by filing a notice of appeal in the District Court."

Rule 5, M.R.App.Civ.P., provides:

"The time within which an appeal from a judgment or an order must be taken shall be 30 days from the entry thereof, except that in cases where service of notice of entry of judgment is required by Rule 77(d) of the Montana Rules of Civil Procedure the time shall be 30 days from the service of notice of entry of judgment . . .

". . . Upon showing of excusable neglect, the district court may extend the time for filing the notice of appeal by any party for a period not to exceed 30 days from the expiration of the original time prescribed by this rule."

In this case the notice of entry of judgment was filed August 12 and served by mail. The original time for giving notice of appeal therefore expired 34 days later on

September 15, Rule 21 M.R.App.Civ.P. The maximum allowable time period within which the District Court could grant an extension of time for filing the notice of appeal expired October 15. Zell v. Zell (1977), 172 Mont. 496, 565 P.2d 311.

The District Court, in its order of October 27, denied respondents' motion to dismiss the appeal and extended the time for filing the notice until November 27. The order was erroneous because it granted an extension of time beyond the limits of Rule 5, M.R.App.Civ.P. The District Court could not act after October 15. The only notice of appeal here on file is one filed out of time. No timely order has extended the time.

We hold Agra Steel, by failing to file a timely notice of appeal, has failed to perfect its right of appeal. We, therefore, lack jurisdiction to hear the merits and must dismiss this appeal.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices