No. 96-607

IN THE SUPREME COURT OF THE STATE OF MONTANA

1997

IN RE MATTER OF M.B., L.B., and F.B.,

Youths in Need of Care.



APPEAL FROM: District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable Diane G. Barz, Judge presiding.

COUNSEL OF RECORD:

For Appellants:

Bard G. Middleton; Attorney at Law; Billings, Montana

For Respondent:

Hon. Joseph P. Mazurek; Attorney General; Tammy K. Plubell;
Assistant Attorney General; Helena, Montana

Dennis Paxinos; Yellowstone County Attorney; Marcia Good Sept;
Deputy County Attorney; Billings, Montana

For Guardian Ad Litem:

Damon Gannett; Attorney at Law; Billings, Montana

Submitted on Briefs: March 20, 1997

Decided: April 8, 1997

Filed:

_____
Clerk

Justice Terry N. Trieweiler delivered the opinion of the Court.

The appellants, Christie and Scott Banderob, moved the District Court for the Thirteenth Judicial District in Yellowstone County for an order allowing them to file a late notice of appeal. After a hearing, the District Court denied the motion, pursuant to Rule 5(c), M.R.App.P. Banderobs appeal. We affirm the judgment of the District Court.

The dispositive issue on appeal is whether the District Court erred when it denied Banderobs' motion to file a late notice of appeal.

## FACTUAL BACKGROUND

Christie and Scott Banderob are the natural parents of L.B., F.B., and M.B., all minor children. On November 2, 1993, the Montana Department of Health and Human Services filed a petition for termination of Banderobs' parental rights to L.B. and F.B., to award permanent custody to the Department, and to award temporary legal custody of M.B. to the Department until M.B. reached the age of eighteen.

On October 20, 1995, the District Court issued an order which terminated Banderobs' parental rights. The State then filed the judgment and notice of entry of judgment on October 26, 1995.

On March 20, 1996, Banderobs filed a *pro se* motion in which they requested the District Court to allow them to file a late notice of appeal.

Banderobs did not dispute that they failed to file a notice of appeal within sixty days of the service of notice of entry of judgment, as required by Rule 5(a)(1), M.R.App.P. They claimed, however, that due to extenuating circumstances they should be allowed to file a late notice of appeal.

In support of their claim, Banderobs asserted that: (1) they are uneducated and have no knowledge of the legal system; (2) despite their efforts, they were unable to contact Paul Toennis, their trial attorney, during December 1995; (3) when they finally contacted Toennis on January 10, 1996, he failed to inform them of their rights pursuant to Rule 5(c), M.R.App.P.; (4) they attempted to contact the District Court directly, but received no assistance; and (5) they made a good faith attempt to file a timely notice of appeal.

At the conclusion of the hearing, the District Court held that: "The Banderobs failed to show any excusable neglect or good cause which would extend the 60 day filing limit for an additional 30 days. Even if they had, the Banderobs failed to file a notice of appeal in the extended time period." Accordingly, the District Court denied Banderobs' motion to file a late notice of appeal.

## DISCUSSION

Did the District Court err when it denied Banderobs' motion to file a late notice of appeal?

When we review a district court's conclusions of law, the standard of review is whether those conclusions are correct. *Carbon County v. Union Reserve Coal Co., Inc.* (1995), 271 Mont. 459, 469, 898 P.2d 680, 686.

Banderobs contend that the District Court erred when, pursuant to Rule 5(c), M.R.App.P., it denied their motion to file a late notice of appeal. Specifically, they assert that, because of extenuating circumstances, they should be allowed to file a late notice of appeal. Furthermore, they claim that the District Court erred when it concluded that they did not establish good cause or excusable neglect for their failure to file a timely notice of appeal.

Rule 5 of the Montana Rules of Appellate Procedure is entitled "Time for filing notice of appeal." Rule 5(a)(1), M.R.App.P., provides, in relevant part, as follows:

> [I]f the State of Montana, or any political subdivision thereof, or an officer or agency thereof is a party the notice of appeal shall be filed within 60 days from the entry of the judgment or order or 60 days from the service of notice of the entry of judgment.

The District Court issued its order which terminated Banderobs' parental rights on October 20, 1995. Subsequently, on October 26, 1995, the District Court entered its judgment and the State served notice of the entry of judgment. Banderobs did not file a notice of appeal within sixty days of service. Therefore, they did not comply with Rule 5(a)(1), M.R.App.P.

4

Rule 5(c), M.R.App.P., allows a district court to extend the period of time during which a party can file a notice of appeal. It provides, in relevant part, as follows:

> The district court, upon a showing of excusable neglect or good cause, may extend the time for filing a notice of appeal upon motion filed not later than the 30 days after the expiration of the time prescribed by Rule 5(a) for civil cases . . . .

Rule 5(c), M.R.App.P.

Banderobs did not move the District Court to allow them to file a late notice of appeal until March 20, 1996. At that time, the additional thirty days provided for in Rule 5(c), M.R.App.P., had also expired. Therefore, that motion was not timely.

In *Northwestern National Insurance Co. v. Agra-Steel* (1981), 193 Mont. 437, 439, 632 P.2d 330, 331, we stated:

> In every appeal the first question is that of jurisdiction. *Hand v. Hand* (1957), 131 Mont. 571, 576, 312 P.2d 990, 992. Before proceeding we must consider whether or not Agra-Steel properly perfected its right of appeal. Appellant had the duty to perfect its appeal in the manner and within the time limits provided by law. Absent such compliance, this Court does not acquire jurisdiction . . . .

Furthermore, in *Zell v. Zell* (1977), 172 Mont. 496, 498, 565 P.2d 311, 312, we held that: "It is well settled in Montana that an untimely notice of appeal is a jurisdictional defect, which renders this Court powerless to hear the appeal."

Finally, we note that in their appellate brief, Banderobs concede that, pursuant to the plain language of Rule 5, M.R.App.P., and the principles delineated in *Northwestern*

5

*National Insurance Co.* and *Zell*, their "request for filing a late notice of appeal was untimely and that the court lacks jurisdiction to entertain their motion."

We therefore conclude that Banderobs failed to comply with the applicable Montana Rules of Appellate Procedure and that such jurisdictional defects are fatal to their claims on appeal. Accordingly, we hold that the District Court did not err when it denied Banderobs' motion to file a late notice of appeal.

_____
                        Justice

We Concur:

_____
Chief Justice

_____

_____

_____
           Justices

6