IN THE SUPREME COURT OF THE STATE OF MONTANA

No. 98-617

1999 MT 295

297 Mont. 89

990 P.2d 175

_____

STATE OF MONTANA, )

)

                Plaintiff and Respondent, )

) O P I N I O N

       v. ) AND

) O R D E R

RUSSELL GARNER, )

)

              Defendant and Appellant. )

_____

1. ¶ Russell Garner (Garner) has filed with this Court his motion to take an "out-of-time" appeal from an order issued by the Eighth Judicial District Court, Cascade County, denying his petition for post-conviction relief. We deny Garner's motion and, in so doing, address the following issues:

1. Did the District Court err in finding that Garner's counsel effectively advised him of his rights to appeal the order denying his petition for post-conviction relief?

2. Should the notice of entry of judgment requirement, under Rule 77(d), M.R.Civ. P., be applied to post-conviction relief proceedings?

## Factual and Procedural Background

2. ¶ Garner was charged in June 1995 with forgery and felony theft. Following his entry of guilty pleas, Garner was sentenced, in January 1996, to two concurrent ten-year terms. He was also sentenced to ten years as a persistent felony offender, this sentence to run consecutive to the other terms.

3. ¶ Instead of appealing his conviction and sentence, Garner filed a petition for post-conviction relief in September 1996. This petition included a motion to correct sentence. In March of 1997, Garner amended his petition to include his claim of ineffective assistance of counsel. Following a hearing, the District Court issued an order on January 20, 1998, denying Garner's petition for post-conviction relief.

4. ¶ By late March, however, Garner's counsel had not received a copy of the order, apparently because it had been mailed with the wrong zip code. Garner's counsel requested, and then received, a copy of the order from the presiding judge on April 9 or 10, 1998, and then mailed a copy to Garner. Garner then called his counsel, at which time an appeal was discussed, including the 60-day deadline for filing notice of appeal. Garner's counsel also informed Garner he would not handle his appeal.

5. ¶ Subsequently, Garner, *pro se,* filed a notice of appeal on November 5, 1998. Because § 46-21-203, MCA, requires that an appeal from an order entered on a post-conviction petition be taken within 60 days of the entry of the order, Garner also filed with this Court on November 6, 1998, a request for appointment of counsel and a motion to take an "out-of-time" appeal.

6. ¶ In support of his motion, Garner first claimed that during the post-conviction relief process his counsel did not advise him of his right to appeal the district court's order denying post-conviction relief or that his exercise of this right entailed a 60-day filing deadline. Second, Garner contended that Rule 77(d), M.R.Civ.P., applies in post-conviction proceedings and that, because the State failed to serve him with a notice of the entry of the district court order denying his petition, his 60-day filing deadline never commenced to run. The State responded with a motion to dismiss the notice, arguing that Garner's notice of appeal was untimely under § 46-21-203, MCA, and that nothing in the law authorized an out-of-time appeal for post-conviction petitioners or other civil litigants.

7. ¶ On December 8, 1998, we issued an order remanding the case to the District Court for an evidentiary hearing "on what sort of advice, if any, Garner was given by post conviction counsel, by the court, or otherwise, concerning Garner's right to appeal an adverse decision by the District Court on his post-conviction relief petition."

8. ¶ Following an April 19, 1999, hearing on remand at which Garner was represented by new counsel, the District Court issued its findings of fact and conclusions of law on June 8, 1999. The court found that Garner's post-conviction attorney did in fact advise him that he had 60 days in which to file a notice of appeal. The court concluded that Garner was aware of the time limit for appeal and failed to take steps to exercise that right until November 1998.

9. ¶ With these underlying factual matters sufficiently addressed, this Court, on June 15, 1999, granted Garner leave to file an additional brief specifically addressing the issue presently before this Court--whether Garner's notice of appeal was timely due to the State's failure to comply with Rule 77(d), M.R.Civ.P. Garner was appointed counsel for this purpose and filed a supplemental brief. The State responded with its own supplemental brief. Garner's motion to take an out-of-time appeal is now ripe for decision.

## Discussion

1. *Did the District Court err in finding that Garner's counsel effectively advised him of his rights to appeal the order denying his petition for post-conviction relief?*

10. ¶ As a preliminary matter and before addressing the issue involving Rule 77(d), we conclude that Garner's motion to take an out-of-time appeal, on the grounds of ineffective assistance of counsel, must necessarily be denied. An "out-of-time" appeal is a remedy that may be available to a defendant involved in criminal proceedings who, through no fault of his own, misses a deadline for filing an appeal. Typically, the missed deadline is due to ineffective assistance of counsel. *See generally State v. Bromgard* (1995), 273 Mont. 20, 22, 901 P.2d 611, 613; *Hans v. State* (1997), 283 Mont. 379, 408-10, 942 P.2d 674, 691-93.

11. ¶ In its June 9, 1999 findings of fact and conclusions of law, the District Court determined that Garner was fully advised of his right to appeal the post-conviction relief order, as well as the 60-day deadline for filing notice of appeal. We review a district court's findings to determine if they are clearly erroneous, and the district court's conclusions to determine if the court correctly interpreted the law. *See Bone v. State* (1997), 284 Mont. 293, 302_03, 944 P.2d 734, 739-40.

12. ¶ During the April 19, 1999 hearing ordered by this Court, Garner's post-conviction counsel testified that on April 9 or 10, 1998, he received a copy of the January 20, 1998 order, along with a letter from the judge, denying the petition for post-conviction relief. Counsel stated that he later learned that the delay in receiving the order was due to an improper zip code used in mailing. Counsel testified that he promptly sent a copy to Garner and the two had a phone conversation approximately one week later in April of 1998. Garner's counsel testified that he advised Garner at that time of his right to appeal as well as the 60-day filing deadline. He further testified that he also told Garner that due to the nature of the delay in receiving the order, the 60 days would likely commence running on his receipt of the order and the letter from the judge.

13. ¶ We will not disturb the trial court's determination that Garner was fully advised of his right to appeal based upon substantial factual evidence in the record supporting this conclusion. Garner's argument that the 60-day filing deadline was missed due to the ineffective assistance of his counsel is without merit, and we do not need to reach the State's argument that an "out-of-time appeal" is not an available remedy in post-conviction proceedings as it may be in certain direct appeal proceedings in criminal cases where ineffective assistance of counsel is involved. That brings us to Garner's second specification of legal error.

2. *Should the notice of entry of judgment requirement, under Rule 77(d), M.R.Civ. P., be applied to post-conviction relief proceedings?*

14. ¶ This issue involves a legal question of first impression. Specifically, we are asked to decide whether the notice of entry of judgment requirement, under Rule 77(d), M. R.Civ.P., is applicable to post-conviction relief proceedings, which are governed by §§ 46-21-101 through 203, MCA. If the rule applies, then whether or not Garner's attorney advised him of the notice of appeal deadline is irrelevant, because the 60-day filing deadline for appeal would not have commenced to run by reason of the State's failure to file a notice of entry of order following the District Court's denial of Garner's petition for post-conviction relief. We conclude, however, that Rule 77 (d) does not apply to post-conviction proceedings.

15. ¶ Rule 77(d), M.R.Civ.P. provides:

Within 10 days after entry of judgment or an order in an action in which an appearance has been made, notice of such entry, together with a copy of such judgment or order or general description of the nature and amount of relief and

damages thereby granted, *shall be served by the prevailing party upon all parties who have made an appearance*, but any other party may in addition serve a notice of such entry in the manner provided in Rule 5 for the service of papers. (Emphasis added).

16. ¶ In turn, this rule interfaces with Rule 5(a)(1), M.R.App.P., which provides that in civil cases "if the State of Montana . . . is a party, the notice of appeal shall be filed within 60 days from the entry of the judgment or order; provided, however, that in cases where service of notice of entry of judgment is required by Rule 77(d) of the Montana Rules of Civil Procedure, said . . . 60 days . . .shall not begin to run until service of notice of entry of judgment."

17. ¶ In cases unrelated to post-conviction proceedings we have held that, only when this notice is served does a prospective appellant's time for filing a notice of appeal commence to run. *See Troglia v. Bartoletti* (1994), 266 Mont. 240, 247-48, 879 P.2d 1169, 1173 (stating that a party's allotted time in which to file an appeal does not begin to run until the notice of entry of judgment has been served and concluding that district courts cannot eliminate the necessity for the prevailing party's service of notice of entry of judgment). *See also In re Marriage of Robertson* (1989), 237 Mont. 406, 411, 773 P.2d 1213, 1216-17, and *Buckley v. Wordal* (1993), 262 Mont. 306, 312, 865 P.2d 240, 244, *accord.*

18. ¶ Accordingly, Garner reasons that the State as the "prevailing party" should have provided notice to him of the entry of the District Court's order, and that because the State did not, his 60 days in which to appeal could not have expired because it never commenced to run. We disagree.

19. ¶ Title 46 governs "the practice and procedure in all criminal proceedings in the court of Montana *except where provision for a different procedure is specifically provided by law*." Section 46-1-103, MCA (emphasis added). Notwithstanding that the statutes governing post-conviction relief are located in Title 46, we have held that these proceedings are collateral attacks that are "civil" in nature and independent of the underlying criminal cause. *Coleman v. State* (1981), 194 Mont. 428, 433, 633 P.2d 624, 627; *State v. Black* (1990), 245 Mont. 39, 43, 798 P.2d 530, 532. Accordingly, the 1997 state legislature added subsection (1)(c), under § 46-21-201: "[t]o the extent that they are applicable and are *not inconsistent with this chapter*, the rules of procedure governing civil proceedings apply to the proceeding" (emphasis added). This subsection codified the general rule followed by this Court prior to 1997, that in most instances we apply the Montana Rules of Civil Procedure to post- conviction proceedings so long as they do not conflict with

specific statutory provisions. This is particularly so where the post-conviction rules do not specify some other procedure. *See Kills on Top v. State* (1996), 279 Mont. 384, 391, 928 P.2d 182, 187 (determining that, absent a specific post-conviction rule for the amendment of a post-conviction petition, Rule 15(a), M.R.Civ.P., would be applied).

20. ¶ In his supplemental reply brief, Garner contends that contrary to the State's argument, § 46-21-201(1)(c), MCA (1997), should not apply to his post-conviction proceedings. Garner originally filed his petition in September 1996. The 1995 post-conviction statute in effect at the time made no reference to the application of civil procedure rules. Garner argues that without the operative "not inconsistent" language, the application of civil procedure rules was not conditional prior to 1997, and therefore Rule 77(d) should be applied to his post-conviction relief process without any restrictions. In a related context, we have held that the Court looks to the statute in effect when the petition is filed in determining the proper statute of limitations. *See Hawkins v. Mahoney*, 1999 MT 82, ¶ 9, ___ Mont. ___, ¶ 9, 979 P.2d 697, ¶ 9.

21. ¶ Even assuming that application of the 1995 code is proper, however, the absence of a particular provision governing the applicability of civil procedure rules has no bearing on our decision here. If anything, the 1997 addition of (1)(c) to § 46-21-201, MCA, served to strengthen the argument that certain civil procedure rules should be applied to the post-conviction relief process. Additionally, this Court concluded long before 1997 that district

courts are not strictly bound by all the rules of civil procedure in post-conviction relief hearings. *See State v. Coates* (1990), 241 Mont. 331, 334, 786 P.2d 1182, 1184. For example, in one post-conviction case we determined that it was not error for a district court to accept into evidence an unsigned sworn statement, notwithstanding this conflicted with the express contrary requirements of Rule 30 (e), M.R.Civ.P. *State v. Perry* (1988), 232 Mont. 455, 468, 758 P.2d 268, 276 (stating that the crucial question is whether the procedure employed by the district court comported with defendant's right to a full and fair hearing).

22. ¶ As to the time for filing an appeal to this Court from an order entered on a post-conviction petition, however, the post-conviction statutes provide a specific requirement. Pursuant to § 46-21-203, MCA: "[t]he appeal must be taken within 60 days of the entry of the order." None of the statutes governing the post-conviction relief process--including § 46-21-203, MCA--identify Rule 77(d), as being

applicable to appeals in post-conviction proceedings or, for that matter, even suggest that notice of a district court's order must be served in order to commence the running of the 60-day appeal time. Indeed, § 46-21-203, MCA, clearly, and without more, mandates that the appeal from a post-conviction order be taken within 60 days of the entry of the order. Given this unambiguous statutory requirement, it is our obligation to simply apply the statute as written, neither inserting what has been omitted nor omitting what has been inserted. Section 1-2-101, MCA.

23. ¶ In *Coleman*, we addressed an argument similar to that advanced by Garner in the case at bar. There, the petitioner argued that because a post-conviction hearing was essentially a civil proceeding, he should have been entitled to utilize the civil statutory right of substituting the presiding judge not once, but twice, pursuant to § 3-1-801, MCA (1979) (superseded by Supreme Court Order on June 29, 1981). The post-conviction statutes at the time, however, required that a defendant must either petition this Court or the same court which imposed the sentence. We stated:

[B]ecause an application for post-conviction relief is directed by the more specific provision of the post-conviction statue to bring the petition in this Court or in the court that sentenced him, we find that the two judge disqualification grant of section 3-1-801, subd. 4, MCA, is unavailable to the post-conviction petitioner.

*Coleman*, 194 Mont. at 433, 633 P.2d at 627.

24. ¶ In reaching this conclusion, we followed the principle of statutory interpretation found under § 1-2-102, MCA: "[w]hen a general and particular provision are inconsistent, the latter is paramount to the former, so a particular intent will control a general one that is inconsistent with it." We agree with the State that this principle governs here as well.

25. ¶ Section 46-21-203, MCA, specifically requires that, in post-conviction proceedings, an appeal "must be taken within 60 days of the entry of the order." This filing requirement is not conditioned (either directly or by implication) on the accomplishment of some other predicate step--e.g., as argued here, the general requirement of Rule 77(d), that notice of entry of order first be served by the prevailing party. Rather, the statute plainly provides that entry of the post-conviction order in and of itself and without more commences the running of the 60-day appeal clock.

26. ¶ As we have already pointed out, the Rules of Civil Procedure apply in a post-conviction relief proceeding *only* when they are applicable and not inconsistent with

post-conviction statutes, as expressed by our case law prior to 1997, or now, under § 46-21-201(1)(c), MCA. Here, the statutory 60-day appeal deadline which commences "on entry" of the post-conviction order is plainly in conflict with and inconsistent with the requirement of Rule 77(d) that, before the losing party's appeal time commences to run, the prevailing party must first serve notice of entry of judgment or order.

27. ¶ Accordingly, we hold that Rule 77(d), M.R.Civ.P., has no application in post-conviction relief proceedings, and that, consequently, the 60-day filing deadline for appeal commences in all instances and without more upon the entry of the court's order granting or denying post-conviction relief.

28. ¶ Finally, in fully disposing of this issue we must address Garner's "good cause" argument--that regardless of our decision on Rule 77(d) we should suspend the rules under Rule 3, M.R.App.P., and permit his appeal to proceed. We do not agree. While Rule 3 M.R.App.P., allows this Court to suspend the rules of appellate procedure "in the interest of expediting decision upon any matter before it, or for other good cause shown," Rule 21(b), M.R.App.P., which is referenced in Rule 3, clearly provides that the time for filing a notice of appeal in a civil case may not be extended except as provided in Rule 5, M.R.App.P.

29. ¶ Rule 5(c), M.R.App.P., specifically permits a district court, upon a showing of excusable neglect or good cause, to extend the time for filing a notice of appeal in either civil or criminal cases. However, a party's motion under this rule must be filed no later than 30 days after the expiration of the time prescribed by Rule 5(a) or 5(b), which, in this instance, is the same--60 days. *See generally Matter of M.B.* (1997), 282 Mont. 150, 152-53, 935 P.2d 1129, 1130 (concluding that pursuant to the plain language of Rule 5(c), failure to meet 30-day deadline resulted in an untimely motion, which was properly denied by the district court). Having failed to timely request an extension of his time for filing his notice of appeal, we conclude that Garner's argument to suspend the rules and allow the filing of his out-of-time notice of appeal for "good cause" is, thus, without merit.

30. ¶ On the basis of the foregoing authorities and analysis,

31. ¶ IT IS ORDERED that Garner's motion to take an out of time appeal is DENIED.

32. ¶ IT IS FURTHER ORDERED that the Clerk of this Court give notice of this order by mail to counsel of record.

DATED this 30th day of November, 1999

/S/ J. A. TURNAGE

/S/ JAMES C. NELSON

/S/ JIM REGNIER

/S/ TERRY N. TRIEWEILER

/S/ WILLIAM E. HUNT, SR.

/S/ W. WILLIAM LEAPHART

/S/ KARLA M. GRAY