No. 02-136

IN THE SUPREME COURT OF THE STATE OF MONTANA

2002  MT 219N

STATE OF MONTANA,

Plaintiff and Respondent,

v.

ROBERT G. HORNBACK,

Defendant and Appellant.

APPEAL FROM:    District Court of the Nineteenth Judicial District,
In and for the County of Lincoln,
The Honorable Douglas G. Harkin, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Robert G. Hornback, *Pro Se*

For Respondent:

Hon. Mike McGrath, Attorney General; Cregg Coughlin,
Assistant Attorney General, Helena, Montana

Bernie Cassidy, Lincoln County Attorney, Libby, Montana

Submitted on Briefs:  July 18, 2002

Decided:  September 24, 2002

Filed:

_____
Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 Robert Hornback appeals from a decision of the Nineteenth Judicial District Court, Lincoln County, denying his motion for permission to file an out-of-time appeal. We affirm.

BACKGROUND

¶3 In 1988, Robert Hornback pled guilty to deliberate homicide in the death of an eight-year-old boy. Pursuant to a plea agreement, he was sentenced to 100 years at the Montana State Prison and declared parole ineligible for 17½ years. He also was designated a persistent felony offender, sentenced to an additional 100 years, and declared parole ineligible for an additional 17½ years. The sentencing court expressly stated the 100-year sentences were to be served consecutively and Hornback was "not to be released on parole, under any condition, in less than thirty-five years." Hornback did not appeal.

¶4 Hornback subsequently filed actions in this Court in 1988 and 1990, the latter a petition for postconviction relief. Neither was successful. He later filed *habeas corpus* actions in federal court and in the Third Judicial District Court, Powell County. The

2

federal action was stayed and the state *habeas* proceeding was denied. Hornback also had filed a petition for postconviction relief in the Nineteenth Judicial District Court, Lincoln County. The District Court stayed that proceeding until 2000 when, at Hornback's request, it was converted to a "Motion to Correct Sentence." The District Court denied Hornback's motions on October 16, 2000, and he did not appeal.

¶5 On November 6, 2001, Hornback moved the District Court for permission to file an out-of-time appeal from its denial of his "Motion to Correct Sentence." The District Court denied the motion as untimely and Hornback appeals.

DISCUSSION

¶6 In denying Hornback's motion for permission to file an out-of-time appeal, the District Court concluded the motion was time-barred. We review a district court's legal conclusions to determine whether they are correct. *State v. Bromgard* (1995), 273 Mont. 20, 23, 901 P.2d 611, 613.

¶7 Subsections (a) and (b) of Rule 5, M.R.App.P., both require that an appeal be taken within 60 days of the judgment or order at issue where, as here, the State of Montana is a party. A district court's authority to extend the time for filing a notice of appeal is limited. Pursuant to Rule 5(c), M.R.App.P., an extension may be granted only on "a showing of excusable neglect or good cause" via a "motion filed not later than 30 days after the expiration of the time prescribed by Rule 5(a) for civil cases and Rule 5(b) for criminal cases." The net result of these rules is that a district

3

court is without authority to grant a motion for extension of time to appeal more than 90 days after the judgment or order at issue is entered. *See State v. Garner*, 1999 MT 295, ¶ 29, 297 Mont. 89, ¶ 29, 990 P.2d 175, ¶ 29.

¶8    Here, Hornback filed his motion requesting permission to file an out-of-time appeal  more than a year after the District Court's order denying his motion to correct his sentence.  We hold, therefore, that the District Court did not err in concluding the motion was time-barred and in denying it as untimely.

¶9    Affirmed.

/S/ KARLA M. GRAY


We concur:

/S/ PATRICIA COTTER
/S/ JIM REGNIER
/S/ TERRY N. TRIEWEILER
/S/ W. WILLIAM LEAPHART