CHIEF JUSTICE GRAY,
specially concurring.
¶45 I join the Court’s opinion on issue one. I concur in the Court’s resolution of issue two, but not in all that is said in that regard. In addition, with due respect for the dissent’s understandable desire that Mrs. Forgey receive the benefit to which she would have been entitled under different circumstances because of the erroneous original calculation of benefits by the UEF, I cannot agree with the analysis presented to reach such a conclusion. Moreover, while the dissent presents many arguments not raised by Mrs. Forgey, I address portions of the dissent below.
¶46 In my view, the following facts are pertinent to the appropriate resolution of issue two. Mrs. Forgey filed a claim for death benefits in April of 2001, at which time she was 33 years old. She filled in the required form by hand and, insofar as we can determine, was not represented by counsel at that time or at any time prior to-or soon after-the UEF’s decision. Mrs. Forgey* s claim form reflects that she claimed benefits based on her deceased husband’s gross earnings of $1,800 while working for Colmore for four weeks. The Tour pay period” time frame for which she supplied his gross earnings is part of the printed form. Eighteen hundred dollars divided by four weeks results in an average weekly wage for Mr. Forgey of approximately $450 per *454 week for the purpose of calculating the benefits to which Mrs. Forgey might be entitled.
¶47 On July 27,2001, the UEF notified Mrs. Forgey by letter that her benefits entitlement was calculated as
$1,800.00 (total earnings)/# (total weeks worked) =$300.00 (Average Weekly Wage)
$300.00 * 2/3 = $200.00 (weekly rate)
(Emphasis added.) The final substantive paragraph of the letter stated, in its entirety:
If you do not agree with any of the determinations or calculations contained in this letter, you may request mediation. Under section 39-71-520 of the Workers’ Compensation Act if you do not appeal this decision within 90 days this determination is considered final. To obtain the appropriate forms, contact the Workers’ Compensation Claims Assistance Bureau, Mediation Unit, P.O. Box 1728, Helena, Montana 59624 or call (406) 444-6534.
Mrs. Forgey did not “request mediation” or “appeal this decision” within 90 days. Indeed,
it appears likely she did not notice the discrepancy between her claim, as submitted, and the UEF’s final decision within the 90-day period.
¶48 Colmore timely sought dispute resolution in the WCC. The WCC held a two-day trial on one day in February, and one day in April, of 2003. During the second day of trial, the parties informed the WCC that an issue had arisen regarding the proper rate of benefits. On May 1, 2003, Mrs. Forgey formally moved to amend the UEF’s compensation rate. The parties submitted an agreed statement of facts, which included that the original UEF calculation was erroneous and that Mrs. Forgey had not timely objected. The WCC ultimately concluded that §39-71-520, MCA (1999), did not preclude Mrs. Forgey from receiving the corrected amount of benefits.
¶49 These relevant facts require that we first focus on §39-71- 520, MCA (1999), which provides that “[a] dispute concerning uninsured employers’ fund benefits must be appealed to mediation within 90 days from the date of the determination or the determination is considered final.” As stated in the UEF’s letter to Mrs. Forgey-written in less Tegalese”than the statute-any disagreement with determinations or calculations contained in the UEF’s decision must be raised within 90 days and, absent objection within that time, the UEF’s determination is final.
¶50 The statute clearly constitutes a 90-day statute of limitations for a claimant seeking further action on a UEF determination. Whether *455 we focus on the word “dispute,” used in § 39-71-520, MCA (1999)-as relied on by the dissent-or the phrase “disagreement with determinations or calculations”-eontained in the UEF’s letter-Mrs. Forgey had 90 days to review the UEF’s calculations and, if she disputed or disagreed with them, seek her statutory remedy. She did not so do. On that basis, I join the Court in concluding that no issue regarding the UEF’s calculation of the benefits to which Mrs. Forgey was entitled survived the 90-day period of limitations.
¶51 Moreover, it is my view that our recent decision in Hand v. UEF, 2004 MT 336, 324 Mont. 196, 103 P.3d 994, is analogous. There, the claimant filed a claim for benefits under the Occupational Disease Act (Act). At some subsequent time, the Department of Labor and Industry (Department) entered an Order of Determination finding that the claimant had an occupational disease and was entitled to certain benefits under the Act. The claimant appealed pursuant to § 39-72-612, MCA (1997), which provided a 20-day limit for appeal-absent which the Order would become final-and the case continued to the WCC. The UEF did not appeal from the Department’s Order, but attempted to have portions of it reviewed and changed in the WCC. See Hand, ¶¶ 8,11,12.
¶52 Notwithstanding the 20-day limit to appeal the Department’s Order contained in §39-72-612, MCA (1997), the WCC allowed the UEF to raise substantive affirmative defenses. On appeal, we concluded the UEF lost its opportunity to have the Department’s findings and conclusions reviewed by failing to timely perfect its appeal from the Department’s Order of Determination, and that the Order had become final as to the UEF after the 20-day limitations period. See Hand, ¶ 27.
¶53 Pursuant to our reasoning in Hand, Mrs. Forgey is as barred in the present case from late-raising issues that became final 90 days after the UEF’s determination as the UEF was barred in Hand. All of us no doubt have sympathies to Mrs. Forgey’s plight; however, it is our obligation to apply the law as it is written and to do so evenhandedly. In both Hand and the present case, one party timely “appealed” and one party did not. The result in both cases must be the same.
¶54 On this latter point, applying the law as written, the dissent repeatedly suggests that the Court has failed to set forth the applicable rules of statutory construction. There is some truth here. At least as important, however, is the dissent’s purported reliance, in ¶ 77, on the “plain meaning” rule, and its own interpretations of §39-71-520, MCA (1999).
*456 ¶55 I agree generally with the definitions of “dispute” and related terms advanced by the dissent. One could hardly disagree that Black’s Law Dictionary contains these definitions.
¶56 From these undisputed-at least by me-definitions, however, the dissent travels to several very interesting places. It states without equivocation-and also without authority-that a dispute cannot exist unless it is expressed. Thus, no expression of dispute equals no dispute. This is a sympathetic interpretation in the present case. The plain words used in the statute do not support it. If the Legislature intended to say “if you get around to expressing a dispute within 90 days, go for it, but if you don’t get to it until some later time, that’s OK too,” it could readily have said so. Clearly, it did not.
¶57 The dissent also relies on a “mutual mistake of fact” notion in the context of its plain meaning analysis. Apparently, the dissent believes the plain meaning of the statute of limitations contained in §39-71-520, MCA (1999), is that if, two years after a determination is final, one party “discovers” an error and the other party agrees that an error was made, the original determination never became final. Indeed, what the dissent seems to contend for, in an overall sense, is the insertion of the clause “or the date the dispute is discovered” into the existing language of §39-71-520, MCA (1999). While in this case that language would achieve a sympathetic result, the fact remains that the statute simply says nothing of the sort.
¶58 The dissent also urges that nothing in the plain meaning of the statute indicates that all determinations are final if not appealed within 90 days. The statute says what it says: ‘ta] dispute concerning [UEF] benefits must be appealed to mediation within 90 days from the date of the determination or the determination is considered final.” Little more need be said, except to note that nothing in the statute indicates that some determinations are not final if not appealed within 90 days. Moreover, additional clarity for a proper understanding of the situation by a lay person4f any were needed-was provided in the UEF’s determination letter.
¶59 The dissent also attempts to tie the “plain meaning” of §39-71-520, MCA (1999), to the language contained in §39-71-601(1), MCA (1999), on the Orr “context in which they reside” theory. I agree wholeheartedly that the language used by the Legislature in these two statutes is very different. I observe, however, while both statutes are part of the Workers’ Compensation Act, the statutes in Title 39, chapter 71, part 54ncluding §39-71-520, MCA (1999)-apply expressly to “uninsured” employers in the context of UEF proceedings. Section *457 39-71-601(1), MCA (1999), on the other hand, is contained in part 6 of the Act, captioned ‘Claims for Benefits.” The dissent’s effort to read something into these two different statutes is murky at best.
¶60 The dissent properly highlights the Legislature’s public policy in the workers’ compensation arena. Indeed, §39-71-105(3), MCA (1999), clearly provides that the system is ‘Intended to be primarily self-administering[, and] minimize reliance upon lawyers and the courts to obtain benefits and interpret liabilities.” In the present case, Mrs. Forgey, a lay person, competently and correctly filled out the simple UEF claim form. Upon receiving the UEF’s determination on her claim, she could just as easily and competently have reviewed the claim she had submitted and seen that the UEF’s calculation was based on a 6-pay-period length of time, rather than the 4-pay-period time frame required by the form she had completed. In other words, had Mrs. Forgey taken the time to merely contrast her claim with the UEF’s calculation, I am confident she would have timely followed the instructions in the UEF letter. She did not act with diligence in performing this simple task and, consequently, the 90-day limitations period came and went. See D’Agostino, 240 Mont. at 443, 784 P.2d at 924. As a consequence, under § 39-71-520, MCA (1999), the UEF’s determination became final.
¶61 The dissent urges that the Court’s decision on this issue will force lay people to “either have to become proficient in the fine points of benefit calculation, or employ professional legal assistance” in reviewing the UEF’s benefits calculations, all in contravention of the public policy set forth in §39-71-105(3), MCA (1999). Under the facts of this case, I cannot agree. The UEF’s letter determination set forth precisely how the calculation was performed. Even I-known by virtually every one who knows me (and readily admitted by me) to be “numerically challenged”-ean readily see, by a quick comparison with Mrs. Forgey’s claim, the UEF’s error. I believe that, having seen the error, I would have followed the clear instructions contained in the letter setting forth how I should proceed if I did not agree with the calculation and how to obtain assistance. Mrs. Forgey could as easily have done so.
¶62 The dissent goes on to contend that, because Mrs. Forgey did not timely discover the error as she could have done, no “dispute” existed under § 39-71-520, MCA (1999). To follow this logic to its natural conclusion would, in essence, be the end of statutes of limitations.
¶63 The purpose of statutes of limitations is to suppress stale claims for purposes of basic fairness. Gomez v. State, 1999 MT 67, ¶ 25, 293 *458 Mont. 531, ¶ 25, 975 P.2d 1258, ¶ 25. Under the dissent’s logic, no limitations period for taking an appeal or the next step in an administrative proceeding would exist so long as no one bothered to check on whether a dispute should exist. Appeals or next step requirements with time limitations are intended to require a person to timely determine whether a dispute or disagreement exists, from her or his standpoint, with the outcome of a proceeding. I cannot conceive that the dissent would conclude that a person involved in a civil action in a district court-whether represented or appearing pro se-eould simply ignore the usual 30-day time for filing a notice of appeal from a trial court’s final judgment to this Court on the basis that she or he did not have a “dispute” at that time, but might get around to discovering one later. Our cases are legion that, absent a timely appeal, we are without jurisdiction to consider an appeal. See, e.g., In re Matter of M.B. (1997), 282 Mont. 150, 152-53, 935 P.2d 1129, 1130 (citation omitted).
¶64 Moreover, the dissent’s reliance on the “mutual mistake of fact, acknowledged by both parties,”is somewhat misleading. It is arguable that the “mistake of fact” was really a mistake of fact and law. In any event, however, the UEF’s erroneous calculation was not a mutual mistake of any kind at the time of its occurrence. Nor was the calculation “reached” pursuant to a mutual mistake as the dissent states. The UEF’s erroneous calculation was simply an error, but one which could readily be seen. That the UEF made an error is unfortunate. However, the reality is that we all make mistakes. The intent of §39-71-520, MCA (1999), is to encourage claimants to timely review the UEF’s calculations and determinations and, if a disagreement or dispute arises, to timely take the next step required by law or lose the ability to do so.
¶65 In summary, I agree with the dissent that Mrs. Forgey originally was entitled to benefits based on 4 weeks of work at an average weekly wage calculation of $443.1 disagree with the dissent’s position that she remained entitled to benefits based on that average weekly wage calculation after letting the 90-day period of limitations run. Had a party in an ordinary civil action failed to file a timely notice of appeal either to a district court from a court of limited jurisdiction or to this Court from a district court, the party would-by its own inaction-no longer be entitled to the relief which might have been available on appeal. I cannot see that this case is any different.
¶66 For the reasons stated, I join in the Court’s conclusion that the Workers’ Compensation Court erred in increasing the average weekly *459 wage upon which Mrs. Forgey’s benefits are calculated.