JUSTICE COTTER
delivered the Opinion of the Court.
¶1 Susan R. Jacky (Jacky) appeals the orders denying her petition for review and her motion to set aside the judgment of the Twenty-second Judicial District Court, Carbon County. We reverse and remand for a review of the administrative record.
ISSUE
¶2 A restatement of the dispositive issue on appeal is:
¶3 Did the District Court err when it denied a petition for judicial review because no supporting brief was filed?
FACTUAL AND PROCEDURAL BACKGROUND
¶4 Jacky worked as a bus driver for Big Sky Bus Lines in Great Falls, Montana. After leaving her job, she applied for unemployment benefits with the Montana Department of Labor and Industry (the Department). On July 5,2012, the Department issued a determination that Jacky was not qualified to receive unemployment benefits. The Department affirmed its initial determination on August 3, 2013. Jacky timely requested an administrative hearing, after which the hearing officer affirmed the redetermination. Jacky then filed an appeal to the Board of Labor Appeals (the Board). The Board adopted and affirmed the decision of the hearing officer on November 20,2012.
¶5 After exhausting her administrative remedies, Jacky, appearing as a self-represented litigant, filed a petition for review in the District Court. Jacky attached copies of various documents to her petition, including a copy of the Board’s decision. Jacky did not serve the Department with her petition. On January 18,2013, the District Court denied Jacky’s petition for failure to comply with Rule 2 of the Montana Uniform District Court Rules (Rule 2) because Jacky had not filed a supporting brief or stated issues of law for review.
¶6 Upon receiving a copy of the court’s January 18 order, the Department first learned of the action in District Court. In turn, it filed a motion to set aside the judgment. The Department argued that Montana law requires a district court to review the administrative *136 record to determine whether the Board correctly applied the law and whether the factual findings of the Board are supported by substantial evidence. According to the Department, “[t]he unique statutory standard of review of an unemployment insurance matter, pursuant to §39-51-2410(5), MCA, preclude[d] the entry of a default judgment by the [c]ourt.”
¶7 On January 30,2013, the District Court denied the Department’s motion. The District Court stated that it “understood] the applicable procedure explicitly,’’but that such procedure was not at issue because Jacky failed to “[raise] any identifiable question of law for the Court’s review” and to “state the grounds upon which a review is sought.” The District Court affirmed its initial denial.
¶8 Jacky filed an appeal with this Court on February 11,2013. Jacky argues that Rule 2 is inapplicable because it governs motions, not petitions for review. Jacky further argues that the statutory procedure for judicial review in unemployment cases does not require parties to submit supporting briefs with their petitions for review. Jacky contends the District Court should not have dismissed her petition without first giving her leave to amend, especially as no other party would have suffered prejudice.
¶9 In its answer brief, the Department also requests we reverse the District Court’s order and remand this case, arguing the District Court erred by failing to conduct a review of the administrative record. The Department argues the petition for judicial review is governed by Montana’s unemployment insurance law, which directs a district court to expedite judicial review of Board decisions and to conduct a review of the administrative record.
STANDARD OF REVIEW
¶10 Denial of a petition for judicial review due to a petitioner’s failure to comply with a procedural rule is a conclusion of law. We review a court’s conclusions of law for correctness. Galassi v. Lincoln Co. Bd. of Commrs., 2003 MT 319, ¶ 7, 318 Mont. 288, 80 P.3d 84.
DISCUSSION
¶11 Did the District Court err when it denied a petition for judicial review because no supporting brief was filed?
¶12 On appeal, both parties contend the District Court improperly denied Jacky’s petition for judicial review. We conclude that the District Court erred when it denied Jacky’s petition for failure to file a supplemental brief. We decline to address the other issues raised by the parties as this issue is dispositive.
*137 ¶13 Section 39-51-2410, MCA, sets out the process to be followed in seeking judicial review of a Board decision on a claim for unemployment benefits. Pursuant to §39-51-2410(2), MCA, “any party aggrieved thereby may secure judicial review thereof by commencing an action in the district court,” filing a petition “stat[ing] the grounds upon which a review is sought,” and “serv[ing] [it] upon the commissioner of labor and industry and all interested parties.”
¶14 Rule 2 provides: ‘The moving party shall file a supporting brief upon filing a motion.”The District Court concluded that Jacky violated this rule by failing to attach a brief to her petition.
¶15 A motion is “[a] written or oral application requesting a court to make a specified ruling or order.” Black’s Law Dictionary 1106 (Bryan A. Garner ed., 9th ed., West 2009). A petition, on the other hand, is merely “[a] formal written request presented to a court or other official body.” Black’s Law Dictionary at 1261. While it is obvious that one seeking judicial review of a Board decision hopes to have the decision overturned, the petitioner is not obligated under the governing statute to file a supporting brief. Rather, she is simply invoking her statutory remedy and asking the District Court to review the decision of the Board.
¶16 Further, we note that the procedures set forth in §39-51-2410, MCA, are specifically tailored to meet the purposes of the unemployment insurance chapter. “When a general and particular provision are inconsistent, the latter is paramount to the former, so a particular intent will control a general one that is inconsistent with it.” Section 1-2-102, MCA; see also State v. Garner, 1999 MT 295, ¶ 26, 297 Mont. 89, 990 P.2d 175 (‘[T]he Rules of Civil Procedure apply in a post-conviction relief proceeding only when they are applicable and not inconsistent with post-conviction statutes.”) (italics in original); Rierson v. State, 191 Mont. 66, 70, 622 P.2d 195, 198 (1981) (‘Only in the broadest sense could these limitations [for written contracts or other obligations] be considered to be controlling, and since there is a more specific statute involving injury to personal property rights, of which retirement benefits are one, we are constrained to follow the more specific statute.”); Weston v. Cole, 233 Mont. 61, 63, 758 P.2d 289, 291 (1988) (holding the two-year period for filing a particular tort action such as assault and battery controls over the more general three-year statute of limitations for tort actions).
¶17 Because the specific statutory procedures set forth in §39-51-2410, MCA, govern these proceedings, and because a petition is not a motion, the provisions of Rule 2 do not apply to a petition for judicial review. It is our obligation to apply the statute as written, without *138 inserting what has been omitted or omitting what has been inserted. Section 1-2-101, MCA; Garner, ¶ 22. A district court may require a petitioner to file a brief in support of the petition, see e.g. Schneeman v. State, 257 Mont. 254, 260, 848 P.2d 504, 508 (1993), but such briefing is not mandated by §39-51-2410, MCA.
¶18 The District Court asserted that Jacky failed to raise any identifiable question of law for the court’s review or to state the grounds upon which she sought relief. Jacky wrote that the Department ‘failed to document, process and facilitate [her] unemployment claim accurately, honestly, fairly or ethically resulting in a gross miscarriage of justice.” This statement is adequate for the purposes of “staffing] the grounds upon which a review is sought” under §39-51-2410(2), MCA. Jacky was not required to provide any discussion or legal authority to support her request.
¶19 Jacky failed to serve the Department with her petition as required by the statute. However, “[a]s a general rule, we encourage a liberal interpretation of procedural rules governing judicial review of administrative decisions, rather than taking an overly technical approach, so as to best serve justice and allow the parties to have their day in court.” In re McGurran, 1999 MT 192, ¶ 11, 295 Mont. 357, 983 P.2d 968 (overruled on other grounds by Davis v. State, 2008 MT 226, ¶ 23, 344 Mont. 300, 187 P.3d 654) (citing Hilands Golf Club v. Ashmore, 277 Mont. 324, 330, 922 P.2d 469, 473 (1996)). The Department was put on notice of the petition when the District Court denied Jacky’s motion, and it appropriately intervened in the case. The Department did not argue that Jacky’s petition should be dismissed for failing to comply with the service requirement, and it suffered no prejudice because of Jacky’s failure to serve. Thus, Jacky’s failure to properly serve the Department does not preclude a District Court review of the administrative record.
¶20 The Dissent complains that the petition “provides no discernible objection to any finding of fact, conclusion of law or reasoning of the agency.”Dissent, ¶ 24. However, §39-51-2410(6), MCA, provides that ‘Ti]t shall not be necessary in any judicial proceeding under this section to enter exceptions to the rulings of the board ... .” We will not place Jacky in error for failing to do what the statute excuses her from doing. If the District Court determines on remand that it requires briefing on any issue or question, it will be free to so instruct the parties.
¶21 The District Court erred when it denied Jacky’s petition for failure to include a supplemental brief. Because this is the dispositive issue, it is unnecessary for us to address the remaining issues of *139 whether a district court should dismiss a petition for review without first granting leave to amend and whether a district court may deny a petition for review without first reviewing the administrative record. We reverse and remand to the District Court for a full review of the administrative record in accordance with the provisions of §39-51-2410, MCA.
CHIEF JUSTICE McGRATH, JUSTICES BAKER, WHEAT and MORRIS concur.