FILED

09/30/2025

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 25-0198

DA 25-0198

IN THE SUPREME COURT OF THE STATE OF MONTANA

2025 MT 224N

AUSTIN LAKE,

        Petitioner and Appellant,

   v.

MONTANA DEPARTMENT OF LABOR &
INDUSTRY, HUMAN RIGHTS BUREAU,

        Respondents and Appellees.

APPEAL FROM:   District Court of the Twentieth Judicial District,
                  In and For the County of Sanders, Cause No. DV-24-96
                  Honorable Molly Owen, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

        Austin Lake, Self-Represented, Kalispell, Montana

        For Appellee:

        Samuel A. Fossum, Agency Counsel, Department of Labor and
        Industry, Helena, Montana

Submitted on Briefs:  August 6, 2025

Decided:  September 30, 2025

Filed:

                                  _____
                                        Clerk

Justice Katherine Bidegaray delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Austin Lake (Lake) appeals the February 12, 2025 Order on Petition for Judicial Review in favor of the Human Rights Bureau of the Montana Department of Labor & Industry (HRB), entered by the Montana Twentieth Judicial District Court, Sanders County, which dismissed Lake's claims against the HRB and dismissed, as parties, Shaunie Aklestad and Kimberly Cobos, who were named as Defendants in their individual capacities. We affirm.

¶3 This matter began on March 27, 2023, when Lake filed a discrimination complaint with the EEOC, alleging his employer at the time, Town Pump, discriminated against him in violation of the Montana Human Rights Act (MHRA) and Title I of the Americans with Disabilities Act. The parties settled the matter on May 17, 2023. Starting a few days before the settlement and continuing through August 2023, Lake alleged he applied for multiple jobs, including several with Town Pump, listing Town Pump as a reference. He was not hired for any of them. On August 23, 2023, Lake filed his previously settled EEOC complaint as a petition with the HRB, alleging that Town Pump retaliated against him by "providing negative references to prospective employers, and failure to hire [Lake]." Lake alleged violations of the MHRA, Title I of the ADA, and the Age Discrimination Act.

¶4    On February 7, 2024, the HRB released a Final Investigative Report, finding no reasonable cause to believe unlawful retaliation occurred. Lake timely objected to the HRB's findings on February 25, 2024. On May 30, 2024, the Montana Human Rights Commission (HRC) issued a Final Agency Decision affirming the HRB's findings.[1]

¶5    As allowed by § 2-4-702, MCA, and within the 30-day time limit provided in § 49-2-511(3)(b), MCA, on June 26, 2024, Lake petitioned the District Court for judicial review of the Final Agency Decision. On October 8, 2024, the District Court affirmed the Final Agency Decision. On October 10, 2024, rather than appeal to this Court pursuant to § 2-4-711, MCA, Lake filed with the District Court a document he entitled "PETITION FOR JUDICIAL REVIEW" (Second Petition).

¶6    In his Second Petition, Lake alleged that the HRB violated Article II, Section 17,[2] and Article II, Section 18[3] of the Montana Constitution, and asserted Shaunie Aklestad and Kimberly Cobos were individually liable under Article II, Section 9[4], and Article II, Section 18, of the Montana Constitution. On October 24, 2024, Lake filed an initial brief in which he explained that he sought review of "failure to address multiple complaints presented to both investigators of retaliatory actions by the former employer against the

---

[1] The Final Agency Decision acknowledges the Department (HRB) issued a Notice of Dismissal, so we assume the Notice of Dismissal pre-dates the May 30, 2024 Final Agency Decision.

[2] "No person shall be deprived of life, liberty, or property without due process of law."

[3] "The state . . . shall have no immunity from suit for injury to a person or property, except as may be specifically provided by law by a 2/3 vote of each house of the legislature."

[4] "No person shall be deprived of the right to examine documents or to observe the deliberations of all public bodies . . . ."

plaintiff for filing initial complaints for which has also been concluded by investigator Shaunie Aklestad."

¶7 The HRB's attorney filed a Notice of Appearance on November 13, 2024. On January 14, 2025, the HRB filed a motion to dismiss Lake's Second Petition, pursuant to M. R. Civ. P. 12(b)(1), for lack of subject matter jurisdiction. The HRB alternatively argued that, if the court were to determine whether the petition could proceed under a new civil action, it would be time barred and that HRB employees, Shaunie Aklestad and Kimberly Cobos, were immune from suit as employees of the state working within the course and scope of their employment. On the same day the HRB filed its motion, the HRB served copies of it to Lake at the address Lake provided on his Second Petition and at a Missoula address Lake provided in filings in a concurrent proceeding.

¶8 On February 4, 2025, the HRB filed a notice of issue and asked the District Court to rule on the matter. On February 12, 2025, the District Court granted the HRB's motion to dismiss for lack of subject matter jurisdiction and dismissed Shaunie Aklestad and Kimberely Cobos as parties. On February 14, 2025, Lake filed his own notice of issue requesting "relief from judgment or order" under M. R. Civ. P. 60(4), arguing that the HRB had failed to file a motion or answer his brief. Lake timely filed his Notice of Appeal to this Court on March 13, 2025.

¶9 We review a district court's conclusions of law for correctness. *Jacky v. Avitus,* 2013 MT 296, 372 Mont. 134, 311 P.3d 423. We review de novo a Rule 12(b)(1) dismissal for lack of subject-matter jurisdiction and may consider the complaint alone to determine

4

jurisdiction. *Harrington v. Energy West Inc.,* 2015 MT 233, ¶¶ 7-9, 380 Mont. 298, 356 P.3d 441.

¶10    On appeal, Lake argues that the District Court incorrectly dismissed the Second Petition, violated procedural rules, ignored critical factual allegations, prematurely granted dismissal, improperly declared him vexatious[5] and erroneously accepted the HRB's untimely and procedurally improper filings. Lake requests this Court to reverse the District Court's decision affirming the HRC's Final Agency Decision and direct it to consider his claims properly. The HRB argues that (1) the District Court lacked subject matter jurisdiction over Lake's Second Petition because Lake was required either to file his Second Petition with the HRB or to appeal to this Court the District Court's decision affirming the HRC's Final Agency Decision; (2) even if Lake had filed the Second Petition with the HRB instead of the District Court, it was untimely; and (3) that Kimberely Cobos and Shaunie Aklestad should be dismissed as parties. Lake also alleges the District Court wrongfully dismissed his claim because he did not receive proper notice of the HRB's motion to dismiss, thereby depriving him of an opportunity to respond. We address the notice argument first.

**Lake Received Proper Notice**

¶11    Due process expresses the requirements of fundamental fairness. *City of Missoula v. Mountain Water Co.*, 2016 MT 183, ¶ 25, 384 Mont. 193, 378 P.3d 1113. The requirements for procedural due process are notice and an opportunity to be heard.

---

[5] Lake was declared a vexatious litigant on December 9, 2024, in a separate Twentieth Judicial District Court proceeding, Cause No. DV-24-97.

5

*Mountain Water Co.*, ¶ 25. While due process requires notice and an opportunity to be heard appropriate to the circumstances of the case, "the process due in any given case varies according to the factual circumstances of the case, the nature of the interests at stake and the risk of making an erroneous decision." *Montanans for Justice v. State ex rel. McGrath*, 2006 MT 277, ¶ 30, 334 Mont. 237, 146 P.3d 759.

¶12 The HRB filed its motion to dismiss on January 14, 2025, and mailed a copy to Lake at the address he provided on his Second Petition and to a Missoula address that Lake provided HRB in a concurrent separate proceeding. Because HRB mailed its motion to dismiss to Lake at the address Lake provided on his Second Petition, Lake had proper notice. Under MUDCR 2(b) and M. R. Civ. P. 6(d), Lake had 17 days to respond, giving Lake until January 31, 2025, to respond. The District Court did not grant the HRB's motion to dismiss until February 12, 2025. Therefore, the District Court did not prematurely address HRB's motion.

**Montana Human Rights Act**

¶13 The MHRA, codified in Title 49 of the Montana Code Annotated, protects employees from discrimination. Section 49-1-102(1), MCA. When an employee alleges a violation of chapters 2 or 3 of the MHRA, "including acts that may otherwise also constitute a violation of the discrimination provisions of Article II, section 4, of the Montana constitution or [§] 49-1-102[, MCA]," a district court may not entertain a claim or request for relief "other than by the procedures specified in [Title 49, chapter 2, MCA]"; and the MHRA provides the "exclusive remedy" for the violation. Section 49-2-512(1). MCA. A charging party may file a complaint with the HRB. Section 49-2-512(1), MCA.

6

¶14 If the HRB dismisses the charging party's complaint, the party may either commence a civil action within 90 days or file an objection to the dismissal with the HRC within 14 days. Sections 49-2-512(3), -511, MCA. The HRC shall consider timely objections in an informal hearing and review the department's findings. Section 49-2-511(2)(a), MCA. The HRC considers timely objections and reviews the HRB's findings in an informal hearing. Section 49-2-511(b), MCA. The HRC may affirm the HRB's findings and issue a final agency decision on the matter or remand the case back to the HRB. Section 49-2-511(2)(c), MCA.

¶15 If the HRC affirms, the charging party may file with a district court: (1) pursuant to § 49-2-511(3)(a), MCA, a civil action for appropriate relief on the merits within 90 days of the Final Agency Decision; (2) in accordance with § 49-2-511(3)(b), MCA, a petition for judicial review within 30 days of the HRB's notice of dismissal; or (3) pursuant to § 49-2-512(3), MCA, a civil action for appropriate relief on the merits within 90 days of the HRB's notice of dismissal. Here, the record does not contain the HRB's notice of dismissal; but the Final Agency Decision acknowledges the Department (HRB) issued a Notice of Dismissal, so we assume the Notice of Dismissal pre-dates the May 30, 2024 Final Agency Decision and, in Lake's favor, we use the date of the Final Agency Decision to calculate the statutory timelines.

**Lake's Second Petition as a Petition for Judicial Review**

¶16 The petition for judicial review Lake filed on June 26, 2024, after the HRC's May 30, 2024 Final Agency Decision, was timely because he filed it within 30 days of the Final Agency Decision. Sections 2-4-702, 49-2-511(3)(b), MCA. However, Lake

7

followed no legally recognized procedure when he filed the Second Petition with the District Court on October 10, 2024. If Lake intended the Second Petition to be a petition for judicial review, it fails for two reasons. First, the District Court lacked subject matter jurisdiction over it because Title 49, chapter 2, provides (1) the exclusive remedy for violations of the MHRA and claims like those Lake raised in it; and (2) a district court may not entertain a claim or request for relief, based upon acts governed by the MHRA. Section 49-2-512(1), MCA. If Lake sought redress for the District Court's October 8, 2024 order affirming the HRC's Final Agency Decision, his legally allowable option was to appeal to this Court, pursuant to § 2-4-711, MCA, within 60 days of entry of judgment.

¶17 Second, Lake would have had to file his Second Petition with the District Court within 30 days of the Final Agency Decision. Section 49-2-511(3)(b), MCA. Since the Final Agency Decision issued on May 30, 2024, Lake's October 10, 2024 filing was late.

¶18 For those reasons, the District Court correctly dismissed Lake's Second Petition for lack of subject matter jurisdiction.

**Lake's Second Petition as a Civil Action**

¶19 If Lake intended to commence a civil action for relief on the merits of the case addressed in either the HRC's Final Agency Decision, as allowed by § 49-2-511(3)(a), MCA, or the HRB's notice of dismissal, as allowed in § 49-2-512(3), MCA, he was late. He had 90 days from the HRC's Final Agency Decision, under § 49-2-511(3)(a), MCA, or 90 days from the HRB's notice of dismissal, under § 49-2-512(3), MCA, to commence a civil action. Because the HRC delivered its Final Agency Decision on May 30, 2024, and the HRB issued its notice of dismissal sometime before that, Lake had 90 days—until

8

August 28, 2024, at the latest—to commence a civil action. Lake filed his Second Petition on October 10, 2024, well beyond the 90-day statutory limit.

¶20 For these reasons, the District Court correctly dismissed Lake's Second Petition even if he meant to commence a civil action by filing it.[6]

¶21 We decide this case by memorandum opinion pursuant to Section 1, Paragraph 3(c) of our internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of the applicable standards of review. The District Court's interpretation and application of the law were correct. Affirmed.

/S/ KATHERINE M BIDEGARAY

We Concur:

/S/ CORY J. SWANSON
/S/ JAMES JEREMIAH SHEA
/S/ INGRID GUSTAFSON
/S/ JIM RICE

---

[6] Section 2-9-305, MCA, provides for individual immunity from suit for government employees and public officers when their actions were taken within the course and scope of their employment. *Gardiner-Park County Water and Sewer District v. Knight*, 2024 MT 121, 417 Mont. 1, 549 P.3d 1151. However, we need not address Lake's claims against the two state employees because Lake did not appeal the District Court's order affirming the HRC's Final Agency Decision and either the District Court lacked subject matter jurisdiction to consider the Second Petition or the Second Petition was time barred if Lake intended it to commence a civil action.